IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBOCAST, INC., a Delaware corporation, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 22-304-RGA |
| ) | |
| v. ) | |
| ) | |
| YOUTUBE, LLC, a Delaware limited liability ) | |
| company; and GOOGLE LLC, a Delaware limited ) | |
| liability company, ) | |
| ) | |
| Defendants. ) | |

### UNOPPOSED MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and Rule 5.1.3 of the Local Rules for the District of Delaware, Defendants YouTube, LLC and Google LLC (together, "Defendants") respectfully request that the Court enter an Order permitting them (a) to file under seal the Declaration of Phil Harnish in Support of Defendants' Motion to Transfer Venue (the "Declaration"), filed contemporaneously herewith; and (b) to file a public redacted version of the Declaration within seven days pursuant to Section G of the Court's Administrative Procedures Governing Filing and Service by Electronic Means and after consulting with Plaintiff Robocast, Inc. ("Robocast") regarding any designation of confidential information in the Declaration. In support of their motion, Defendants state as follows:

1. "[A] common law right of access attaches to judicial proceedings and records." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (internal quotation marks and citation omitted). "The party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption." *Id.* (internal quotation marks and citation omitted). "A court applies a 'good cause' standard to justify sealing . . . judicial records, which requires a 'balancing process, in which courts weigh the harm of

disclosing information against the importance of disclosure to the public.'" *Kaleo, Inc. v. Adamis Pharms. Corp.*, 2019 WL 11680196, at *1 (D. Del. July 16, 2019) (quoting *Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507–08 (D. Del. 2012).

2. Here, good cause exists to seal the Declaration because the Declaration contains both (1) sensitive personal information about employees that, if revealed, would harm those employees and (2) commercially sensitive information that, if revealed, would aid Defendants' competitors and harm Defendants.

3. First, the Declaration contains details sufficient to identify and track down specific employees of Defendants. For example, it reveals the locations where several of Defendants' employees live and work. Such information has no bearing on this case and no public importance, yet its disclosure would violate the privacy interests of the employees. Privacy interests are a well-recognized basis to keep information out of the public view. *See, e.g.*, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994) ("One interest which should be recognized in the balancing process is an interest in privacy."); *id.* ("It is appropriate for courts to order confidentiality to prevent the infliction of unnecessary or serious pain on parties who the court reasonably finds are entitled to such protection.").

4. Second, the Declaration reveals details about the structure of one of Defendants' software engineering teams and the responsibilities of the Declarant, who serves as a Technical Lead for that team. Such information would supply Defendants' "competitors with information regarding [Defendants'] knowledge, operations, capabilities, and strategies," allowing them to position their own teams competitively against Defendants'. *Genentech, Inc. v. Amgen, Inc.*, 2020 WL 9432700, at *5 (D. Del. Sept. 2, 2020), *report and recommendation adopted*, 2020 WL 9432702 (D. Del. Oct. 1, 2020). Such confidential business information "is precisely the type of

material most likely to successfully rebut the presumption favoring access." *Id.* at *4; *accord Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing . . . confidential business information may be protected from disclosure."); *Littlejohn v. Bic Corp.*, 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)) ("Despite the presumption, courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing.").

5. Pursuant to Rule 7.1.1 of the Local Rules for the District of Delaware, counsel for Defendants state that they have conferred with counsel for Robocast. Counsel for Robocast has advised counsel for Defendants that Robocast does not oppose the relief requested in the Motion, reserving the right to challenge any confidentiality designations made by Defendants.

6. For the foregoing reasons, Defendants respectfully request that the Court enter the attached Order permitting them to file the Declaration under seal.

| | |
|---|---|
| OF COUNSEL: | */s/ Griffin A. Schoenbaum*<br>Frederick L. Cottrell, III (#2555)<br>Griffin A. Schoenbaum (#6915) |
| Jordan R. Jaffe<br>Amy H. Candido<br>Catherine Lacey<br>WILSON SONSINI GOODRICH & ROSATI, P.C.<br>One Market Plaza<br>Spear Tower, Suite 3300<br>San Francisco, CA 94105 | RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>cottrell@rlf.com<br>schoenbaum@rlf.com |
| Dated: October 11, 2022 | *Attorneys for Defendants YouTube, LLC and Google LLC* |

3

RLF1 28068258v.1