## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ROBOCAST, INC.,

       Plaintiff,

v.

YOUTUBE, LLC and GOOGLE, LLC,

       Defendants.

Civil Action No. 22-304-RGA

MEMORANDUM

Before me is Defendants' motion to dismiss. (D.I. 11). The motion has been fully briefed and I have considered the parties' briefing. (D.I. 12, 17, 18). For the reasons set forth below, Defendants' motion is GRANTED in part and DENIED in part.

## I.     BACKGROUND

This is a patent infringement action. On March 8, 2022, Plaintiff Robocast filed its Complaint against Defendants YouTube and Google, alleging direct, indirect, and willful infringement of U.S. Patent Nos. 7,155,451 ("the '451 patent"), 8,606,819 ("the '819 patent"), and 8,965,932 ("the '932 patent") (collectively, "the asserted patents"). (D.I. 1). The asserted patents relate to methods of automating the presentation of computer content. (*Id.* at 5).

The asserted patents are related. All three share a common specification, as the '819 and '932 patents are continuations of the '451 patent, and all three share a common priority date to a provisional application filed on September 3, 1996. (*Id.* at 4). Plaintiff filed the non-provisional application that led to the '451 patent on September 1, 1998, and the patent issued December 26, 2006. (D.I. 1-1, Ex. 1 at p. 1). Plaintiff filed a continuation application on December 21, 2005, which issued on February 24, 2015 as the '932 patent. (D.I. 1-3, Ex. 3 at p. 1). Plaintiff filed a

second continuation application on April 18, 2012, which issued on Dec. 10, 2013 as the '819 patent. (D.I. 1-2, Ex. 2 at p. 1).

During prosecution of the applications leading to the '819 and '932 patents, the Examiner provisionally rejected pending claims for non-statutory double patenting because the claims in each of the applications were not "patentably distinct" from claims in the other. (D.I. 12-1, Ex. 1 at 11, Ex. 2 at 6). The Examiner also found that all pending claims of the '819 patent were invalid for obviousness-type double patenting over claims 22-54 of the '451 patent. (D.I. 12-1, Ex. 1 at 11). Consequently, Plaintiff filed terminal disclaimers limiting the term of the '932 patent to that of the '819 patent and limiting the term of the '819 patent to that of the '932 and '451 patents. (D.I. 12-1, Ex. 3-4). The '819 and '932 patents therefore expired on the same date: September 2, 2017. (D.I. 12 at 1). The '451 patent expired on August 9, 2020, as Plaintiff received a 1,072-day patent term adjustment (PTA) for that patent under 35 U.S.C. § 154(b). (D.I. 1-1, Ex. 1 at p. 1).

## II.    LEGAL STANDARD

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (cleaned up)).

## III.   DISCUSSION

### A.   Indirect and Willful Infringement of the '819 and '932 Patents

Defendants argue that Plaintiff has failed to state a claim for indirect and willful infringement of the '819 and '932 patents because Plaintiff fails to plausibly allege knowledge of the asserted patents before their expiration. (D.I. 12 at 7-8). I agree.

Indirect infringement requires, among other things, "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Systems, Inc.*, 575 U.S. 632, 639 (2015) (inducement and contributory infringement). A determination of willful infringement requires a finding of "deliberate or intentional" infringement. *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021). The complaint must allege that the accused infringer knew of the asserted patent and knowingly or intentionally infringed the patent after acquiring that knowledge. *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378-79 (Fed. Cir. 2020). With respect to both indirect and willful infringement claims, a plaintiff can meet the knowledge requirement by showing "willful blindness," which "requires the patentee to show not only that the accused subjectively believed that there was a high risk of infringement, but also that the accused took deliberate actions to avoid confirming infringement." *Unwired Planet, LLC v. Apple Inc.*, 829 F.3d 1353, 1364 (Fed. Cir. 2016) (inducement). The knowledge requirement is not met if plaintiff fails to allege that defendant acquired its knowledge before the expiration date of the patent. *E.g., Sprint Commc'ns Co., L.P. v. Atl. Broadband Fin., LLC*, 2021 WL 982735, at *1 (D. Del. Mar. 16, 2021) (granting summary judgment of no willful infringement because plaintiff

3

failed to "assert that it has any evidence that [defendant] knew of any of the currently asserted patents before they expired.").

In its Complaint, Plaintiff alleges that Defendants had "actual and/or constructive knowledge" of all three asserted patents beginning "no later than the 2018 to 2019 time frame" (D.I. 1 at 13). According to Plaintiff, Defendants learned of the asserted patents through unrelated litigation—*Virentem Ventures, LLC v. YouTube, LLC, et al.*, C.A. No. 1:18-cv-00917-MN (D. Del. June 20, 2018)—in which Defendants "assert[ed] and rel[ied] upon the [asserted patents] as allegedly being invalidating prior art in connection with efforts to defend [themselves] against charges of patent infringement" (*id.*).

The problem with Plaintiff's theory is one of timing. The theory succeeds with respect to the '451 patent; Defendants do not dispute that its invalidity contentions in *Virentem* satisfy the knowledge requirement for that patent. However, whereas the '451 patent expired in 2020, the '819 and '932 patents expired on September 2, 2017—that is to say, those patents expired before the time frame in which Defendants are alleged to have gained knowledge of them. Plaintiff has not pled any specific facts suggesting that Defendants knew of the '819 and '932 patents before they expired. This, Defendants argue, is fatal to Plaintiff's claims for indirect and willful infringement of those patents. (D.I. 12 at 8).

Plaintiff's response is that pre-expiration knowledge may be plausibly inferred from Defendants' reliance on those patents in *Virentem*, as "Invalidity Contentions generally take weeks or months to develop, and the prior art searching and subsequent analysis often occurs long before the due date." (D.I. 17 at 17 n.5). Although it is certainly plausible that Defendants prepared their

4

invalidity contentions well before they first served them in 2019, [1] it is not plausible that Defendants' preparation preceded the lawsuit itself, which was filed on June 20, 2018—9 months after the '819 and '932 patents expired. *Virentem Ventures, LLC v. YouTube, LLC, et al.,* No. 1:18-cv-00917-MN (D. Del. June 20, 2018).

Nor am I convinced by Plaintiff's argument that it is plausible to infer pre-expiration knowledge of the '819 and '932 patents because the claimed technology had "achieved notoriety in the industry" before September of 2017. (D.I. 17 at 17). Industry notoriety can support a reasonable inference of knowledge of a patent. *See, e.g., BioMerieux, S.A. v. Hologic, Inc.*, 2018 WL 4603267, at *5 (D. Del. Sept. 25, 2018). The question is whether Plaintiff pleads industry notoriety from which one can reasonably infer Defendants' awareness of the '819 and '932 patents before they expired. I conclude that Plaintiff has not.

Contrary to Plaintiff's assertions, Defendants' use of the '819 and '932 patents in *Virentem* does not "give[] rise to the inference that these patents were well known patents in the technology space." (D.I. 17 at 17). "[P]arties often rely on obscure prior art to support invalidity arguments," as Defendants note in their reply. (D.I. 18 at 2).

I am equally unmoved by Plaintiff's argument regarding a press release issued by Microsoft in December of 2001 that "confirmed that … the technologies that would ultimately become Robocast's patented inventions had earned it the reputation of being a 'pioneering Web company offering viewing automation tools for a variety of display devices.'" (D.I. 1 at 4). This court has held that media publicity surrounding an invention does not support an allegation of pre-suit knowledge absent allegations "bridging" knowledge of the publicity with knowledge of the patent.

---

[1] Defendants assert, and Plaintiff does not dispute, that Defendants' initial invalidity contentions in that case were served on July 8, 2019. (D.I. 12 at 4).

*See PPG Indus. Ohio, Inc. v. Axalta Coating Sys., LLC*, 2022 WL 610740, at *4 (D. Del. Jan. 26, 2022). In *Axalta Coating*, the court held that an industry award for the plaintiff's technology was inadequate support of pre-suit knowledge in part because the plaintiff failed to allege that the award referenced the patent or disclosed that the technology was patented. *Id.* Here, the "bridge" is even shakier, as Microsoft's press release predated the issuance of the '819 and '932 patents by more than a decade.

The existence of "prominent national litigations" (D.I. 17 at 17 n.6) between Plaintiff and third-party competitors over the '451 patent during the 2010-2012 time frame—while the '819 and '932 patents were pending—does not help Plaintiff either. Filing a lawsuit over a patent does not plausibly grant actual knowledge of that patent to an unrelated party. *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, 2012 WL 6968938, at *1 (D. Del. July 18, 2012). It is even less plausible that litigation over a patent would grant an unrelated party knowledge of yet-to-be-issued patents through the then-pendency of continuation applications. *See iFIT Inc. v. Peloton Interactive*, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022) ("Knowledge of a patent application alone ... is not enough to establish knowledge of the patent(s) that issued from that application").

For the reasons stated above, I conclude that Plaintiff has failed to adequately allege pre-suit knowledge of infringement of the '819 and '932 patents. I therefore GRANT Defendants' motion to dismiss Plaintiff's willful infringement and indirect infringement claims with respect to those patents.

## B.     Invalidation of the '451 Patent for Obviousness-Type Double Patenting

Defendants argue that the '451 patent is invalid for obviousness-type double patenting because its claims are not patentably distinct from those of either the '819 or '932 patents. (D.I. 12 at 11-20). A question central to the resolution of this issue—the interplay between obviousness-

type double-patenting and a patent term extension—is an open issue that is currently before the Federal Circuit. *In re: Cellect, LLC*, Case No. 22-1293 (Fed. Cir.). Briefing appears to be complete; no argument date is set. It seems reasonable to expect a decision within the first half of next year. I therefore think it prudent to postpone the resolution of this issue until the Federal Circuit has spoken.

Defendants' motion to dismiss claims involving the '451 patent because that patent is invalid for obviousness-type double patenting is consequently DISMISSED with leave to refile with updated briefing once the Federal Circuit decides *In re: Cellect*.

## C.    Willful Infringement of the '451 Patent

Defendants move to dismiss Plaintiff's claims for willful infringement of the '451 patent. (D.I. 12 at 8-10). As stated above, to plead a claim of willful infringement, the complaint must allege that the accused infringer knew of the asserted patent and knowingly or intentionally infringed the patent after acquiring that knowledge. *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378-79 (Fed. Cir. 2020). Defendants do not dispute Plaintiff's argument that Defendants' assertion of the '451 patent in *Virentem* granted Defendants knowledge of the patent. What Plaintiff disputes is the adequacy of Defendants' allegation that Defendants had pre-suit knowledge of infringement. (D.I. 12 at 8-10). I conclude that Defendants' allegation is adequate.

After the Supreme Court's decision in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016), courts in this district have held that pre-suit knowledge of the asserted patent is not by itself sufficient to support a willful infringement claim. *E.g.*, *Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *13 (D. Del. May 29, 2018), *report and recommendation adopted*, 2018 WL 11013901 (D. Del. Nov. 6, 2018). Although knowledge of

7

the patent does not establish knowledge of infringement, knowledge of infringement may be inferred from "the totality of the patentee's allegations." *Id.*

The totality of Plaintiff's allegations permit a plausible inference of pre-suit knowledge of infringement. Plaintiff does not merely allege that the *Virentem* litigation granted Defendants knowledge of the '451 patent; Plaintiff also alleges that, by virtue of Defendants' assertion of that patent in *Virentem*, Defendants gained "an extensive familiarity with the scope and content" of the '451 patent and its claims. (D.I. 1 at 13). This court has held that the defendant's high level of familiarity with a patent is sufficient to give rise to a plausible inference of knowledge of infringement. *See BioMérieux, S.A. v. Hologic, Inc.*, 2018 WL 4603267, *5 (D. Del. Sept. 25, 2018) (finding plausible inference of knowledge on the basis of "defendant's years-long campaign before the European Patent Office urging authorities to revoke the European counterparts to the two U.S. patents-in-suit"); *see also Ravgen, Inc. v. Ariosa Diagnostics, Inc.*, 2021 WL 3526178, at *3 (D. Del. Aug. 11, 2021) (inferring pre-suit knowledge of infringement based in part on the allegation that defendant "cited [plaintiff]'s patents against others by asserting them as prior art to others' patents and making substantive arguments about them" in unrelated proceedings). I agree with Plaintiff (D.I. 17 at 15) that the inference of knowledge is at least as plausible here as it was in *BioMérieux*, where the court inferred knowledge from defendant's alleged familiarity with a European counterpart of plaintiff's patent. 2018 WL 4603267 at *5. Here, Defendants' alleged familiarity is with the actual asserted patent.

For the reasons stated above, I conclude that Plaintiff has adequately alleged pre-suit knowledge of infringement of the '451 patent. I therefore DENY Defendants' motion to dismiss Plaintiff's willful infringement claims with respect to that patent.

8

### D.   Induced Infringement of the '451 Patent

Defendants move to dismiss Plaintiff's claims for induced infringement of the '451 patent. (D.I. 12 at 10). For an inducement claim to survive a motion to dismiss, "a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim- Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (cleaned up).

Defendants argue that Plaintiff fails to allege the "specific intent" element. (D.I. 12 at 10). "[S]pecific intent may be inferred from circumstantial evidence where a defendant has both knowledge of the patent and specific intent to cause the acts constituting infringement." *Ricoh Co. v. Quanta Comput. Inc.*, 550 F.3d 1325, 1342 (Fed. Cir. 2008). "Evidence of active steps taken to encourage direct infringement, such as advertising an infringing use or instructing how to engage in an infringing use, show an affirmative intent that the product be used to infringe, and a showing that infringement was encouraged overcomes the law's reluctance to find liability when a defendant merely sells a commercial product suitable for some lawful use." *Metro-Goldwyn Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (cleaned up).

Plaintiff's Complaint alleges that Defendants induced direct infringement of the '451 patent "through [Defendants'] Internet platform and associated [Defendant] apps software and services by thereby providing, *inter alia*, functionality, instructions, and other assistance that have served to facilitate, promote, and cause [Defendants'] registered account holders, and/or potentially others as yet unknown, to generate, edit, operate, use, publish, save, share, and/or collaborate on infringing automated video playlists." (D.I. 1 at 17). Defendants argue that this is insufficient to support an inference of specific intent because Plaintiff has not referenced acts by Defendants beyond a formal recitation of the claim elements. (D.I. 12 at 10).

9

I reject Defendants' argument. As Plaintiff correctly notes, "Allegations that a defendant instructs or otherwise encourages a customer's infringement are sufficient to state a claim for inducement." (D.I. 17 at 16). This court found similar specific intent allegations sufficient to plead inducement in *Telecomm Innovations, LLC v. Ricoh Co.*, 966 F. Supp. 2d 390 (D. Del. 2013). The allegations of the plaintiff in that case—that "defendants provided technical support and instructions to their customers on how to use products in such a way as to infringe the patented invention," *id.* at 395—are not distinguishable from Plaintiff's allegations that Defendants provide "functionality, instructions, and other assistance" that serves to facilitate infringement by Defendants' customers and others (D.I. 1 at 17).

I therefore conclude that Plaintiff has sufficiently alleged facts to state a claim for induced infringement of the '451 patent and DENY Defendants' motion with respect to this patent.

### E.    Contributory Infringement of the '451 Patent

Finally, Defendants move to dismiss Plaintiff's claims for contributory infringement of the '451 patent. (D.I. 12 at 10). To state a claim for contributory infringement, a complaint must plead facts plausibly showing that (1) "there is direct infringement," (2) "the accused infringer had knowledge of the patent," (3) "the component has no substantial noninfringing uses," and (4) "the component is a material part of the invention." *Fujitsu Ltd v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

Defendants argue that the Complaint does not satisfy the "substantial noninfringing uses" element because Plaintiff has failed to plead sufficient facts to render it plausible "that the accused automated video playlists can only be used in an infringing way." (D.I. 12 at 10). "The Federal Circuit has ruled that affirmatively pleading the absence of substantial non-infringing uses renders the claim plausible if the pleadings do not undermine that allegation." *Merck Sharp & Dohme*

10

*Corp. v. Teva Pharms. USA, Inc.*, 2015 WL 4036951, at *7 (D. Del. July 1, 2015) (citing *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)), *report and recommendation adopted*, 2015 WL 4477699 (D. Del. July 22, 2015).

Plaintiff's Complaint states that Defendants have infringed the '451 patent "under 35 U.S.C. § 271(c) … knowing that [Defendants' allegedly infringing functionality] is not a staple article or commodity of commerce suitable for substantial non-infringing use." (D.I. 1 at 17). This "affirmative pleading [of] the absence of substantial non-infringing uses renders the claim plausible." *Merck Sharp & Dohme*, 2015 WL 4036951, at *7; *see also Express Mobile, Inc. v. Squarespace, Inc.*, 2021 WL 3772040, at *5 (D. Del. Aug. 25, 2021) (holding that the complaint met the plausibility pleading standard where the plaintiff stated that there was no substantial non-infringing use).

For these reasons, Defendants' motion to dismiss Plaintiff's contributory infringement claim is DENIED as to the '451 patent.

## IV.    CONCLUSION

An appropriate order will issue.

United States District Judge

11