**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBOCAST, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>YOUTUBE, LLC., a Delaware limited liability company; and GOOGLE LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No. 22-304-RGA |

**PLAINTIFF ROBOCAST, INC.'S ANSWERING BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE**

*Of Counsel*

CANTOR COLBURN LLP

Marc N. Henschke (*pro hac vice*)
Steven M. Coyle (*pro hac vice*)
Andrew C. Ryan (*pro hac vice*)
Nicholas A. Geiger (*pro hac vice*)
Katherine M. Tassmer (*pro hac vice*)
Sara T. Colburn (*pro hac vice*)
20 Church Street
22nd Floor
Hartford, CT 06103
Tel: (860) 286-2929
Fax: (860) 286-0115
mhenschke@cantorcolburn.com
scoyle@cantorcolburn.com
aryan@cantorcolburn.com
ngeiger@cantorcolburn.com
ktassmer@cantorcolburn.com
scolburn@cantorcolburn.com

BAYARD, P.A.

Stephen B. Brauerman (#4952)
Ronald P. Golden III (#6254)
600 N. King Street, Suite 400
Wilmington, DE 19801
Tel: (302) 655-5000
Fax: (302) 658-6395
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Plaintiff*
*Robocast, Inc.*

MCKOOL SMITH, P.C.

Steven Rizzi (*pro hac vice*)
Casey L. Shoemaker (*pro hac vice*)
Ramy E. Hanna (DE Bar Id #: 5494)
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001-8603
Tel: (212) 402-9400
srizzi@McKoolSmith.com
rhanna@McKoolSmith.com
cshomaker@mckoolsmith.com


Dated: November 22, 2022

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ........................................................................................................ 1

II.     NATURE AND STAGE OF THE PROCEEDINGS ........................................................ 1

III.    STATEMENT OF THE FACTS .................................................................................. 2

        A.      Robocast's Longstanding Relationship With Delaware ........................................ 2

        B.      Robocast's Patented Technology ...................................................................... 2

        C.      Related Litigations And Proceedings.................................................................. 2

                1.      The Prior *Robocast* Litigations in Delaware................................................ 2

                2.      The Co-Pending *Netflix* Litigation in Delaware ........................................ 3

                3.      Concurrent *inter partes* Review Proceedings ............................................ 4

IV.     SUMMARY OF ARGUMENT .................................................................................... 4

V.      APPLICABLE LEGAL STANDARD ........................................................................... 5

VI.     DEFENDANTS' MOTION TO TRANSFER SHOULD BE DENIED ............................ 7

        A.      The *Jumara* Private Interest Factors Favor Delaware As The
                Forum ............................................................................................................ 7

                1.      Robocast's Choice To Litigate In Delaware Is A Paramount
                        Consideration, Legitimate And Rational ..................................................... 7

                2.      Defendants' Preference To Litigate In The Northern District Of
                        California Is Accorded Minimal Weight ................................................... 11

                3.      Robocast's Infringement Claims Arise Nationwide, Including In
                        Delaware ................................................................................................ 11

                4.      Delaware Is The Most Convenient Forum For This Litigation ................. 12

                        a.      Defendants Have Not Shown Litigating This Action In
                                Delaware Would Pose A Unique Or Unexpected Burden ............ 12

                        b.      Defendants Are Global, Multi-Billion-Dollar Companies
                                That Have The Resources And Capability To Litigate In
                                Delaware ...................................................................................... 13

                        c.      It Would Be Inconvenient And Burdensome For Robocast
                                To Litigate In California .............................................................. 13

i

5. Witness Convenience Favors Delaware ..................................................... 14

6. The Location of Books And Records Is Entitled To Minimal Weight ........................................................................................................... 16

B. The *Jumara* Public Interest Factors Favor Delaware As The Forum ................... 17

1. Practical Considerations Weigh Heavily Against Transfer ..................... 17

a. This Court Has Extensive Prior Experience And Knowledge Of The Patents-in-Suit And The Underlying Technology .................................................................................... 17

b. Transfer Will Risk Inconsistent Rulings ...................................... 19

2. Overall Court Congestion Weighs Against Transfer ............................... 19

3. Delaware Has A Strong Local Interest In Adjudicating This Action ....... 20

4. Public Policy Favors Delaware As The Forum ......................................... 20

VII. CONCLUSION ................................................................................................................. 20

# **TABLE OF AUTHORITIES**

## **Cases**

*Abraxis Bioscience, LLC v. HBT Labs, Inc.*,
    Civ. No. 18-2019-RGA, 2019 U.S. Dist. LEXIS 88752 (D. Del. May 24, 2019) ..... passim

*Affymetrix, Inc. v. Synteni, Inc.*,
    28 F. Supp. 2d 192 (D. Del. 1998) ................................................................... 7

*Blackbird Tech LLC v. TuffStuff Fitness Int'l, Inc.*,
    Civ. No. 16-733-GMS, 2017 U.S. Dist. LEXIS 63752 (D. Del. Apr. 27, 2017) ............... 9

*Bonutti Skeletal Innovations LLC v. ConforMIS, Inc.*,
    Civ. No. 12-1109-GMS, 2013 U.S. Dist. LEXIS 164549 (D. Del. Nov. 14, 2013) ........ 12

*Dynamic Data Technologies, LLC v. Google LLC and YouTube, LLC*,
    Civ. No. 2:18-cv-466-RWS (E.D. Tex.) ............................................................ 5

*Express Mobile, Inc. v. Web.com Grp., Inc.*,
    Civ. No. 19-cv-1936-RGA, 2020 U.S. Dist. LEXIS 123056 (D. Del. July 14,
    2020) .......................................................................................................... 9

*FG SRC LLC v. Xilinx, Inc.*,
    Civ. No. 20-601-LPS, 2021 U.S. Dist. LEXIS 25873 (D. Del. Feb. 10, 2021) ................. 7

*Genentech, Inc. v. Amgen Inc.*,
    Civ. No. 17-1407-GMS, 2018 U.S. Dist. LEXIS 9544 (D. Del. Jan. 22, 2018) .............. 17

*Graphics Props. Holdings v. Asus Comput. Int'l, Inc.*,
    964 F. Supp. 2d 320 (D. Del. 2013) ................................................................. 17

*In re Verizon Bus. Network Servs.*,
    635 F3d 559 (Fed. Cir. 2011) ......................................................................... 18

*In re Vistaprint Ltd.*,
    628 F.3d 1342 (Fed. Cir. 2010) ....................................................................... 18

*Intellectual Ventures I LLC v. Altera Corp.*,
    842 F. Supp. 2d 744 (D. Del. 2012) ............................................................ 7, 11

*Intuitive Surgical, Inc. v. Auris Health, Inc.*,
    Civ. No. 18-1359 (MN), 2019 U.S. Dist. LEXIS 91309 (D. Del. May 31, 2019) ........... 20

*InvestPic, LLC v. SAS Inst., Inc.*,
    871 F. Supp. 2d 317 (D. Del. 2012) ............................................................ 6, 7

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995) ...................................................................... passim

*Micro Design LLC v. Asus Computer Int'l*,
    2015 U.S. Dist. LEXIS 61617, 2015 WL 2089770 (D. Del. May 1, 2015) .................... 17

*Microsoft Corp. et al. v. Geotag, Inc.*,
    Civ No. 1:11-cv-00175-RGA (D. Del.) ..................................................... 8, 10, 13, 16

*Microsoft Corp. v. Geotag Inc.*,
  847 F. Supp. 2d 675 (D. Del. 2012) ............................................................... 5, 13, 18, 19

*Mobile Telecomms. Techs., LLC v. Mobile Telecomms. Techs., LLC*,
  243 F. Supp. 3d 478 (D. Del. 2017) .................................................................................. 8

*Netflix, Inc. v. Robocast, Inc.*,
  Case IPR2023-00081 (PTAB Oct. 24, 2022) .................................................................... 4

*Netflix, Inc. v. Robocast, Inc.*,
  Case IPR2023-00182 (PTAB Nov. 18, 2022) .................................................................... 4

*Personalized User Model LLP v. Google, Inc.*,
  Civ. No. 09-525-JJF, 2009 U.S. Dist. LEXIS 100497 (D. Del. Oct. 27, 2009) ............... 12

*Pragmatus AV, LLC v. Yahoo! Inc.*,
  Civ. No. 11-902-LPS-CJB, 2012 U.S. Dist. LEXIS 147834 (D. Del. Oct. 15,
  2012) .................................................................................................................................. 7

*Praxair, Inc. v. ATMI, Inc.*,
  Civ. No. 03-1158-SLR, 2004 U.S. Dist. LEXIS 7076 (D. Del. Apr. 20, 2004) ................ 8

*Robocast, Inc. v. Apple, Inc.*,
  Civ. No. 11-235-RGA (D. Del.) ............................................................................. 2, 3, 18

*Robocast, Inc. v. Apple, Inc.*,
  Civ. No. 11-235-RGA, 2012 U.S. Dist. LEXIS 24879 (D. Del. Feb. 24, 2012)  2, 3, 11, 13

*Robocast, Inc. v. Microsoft Corp.*,
  Civ. No. 10-1055-RGA (D. Del.) ............................................................................ 2, 3, 18

*Robocast, Inc. v. Netflix, Inc.*,
  Civ. No. 1:22-cv-00305-RGA (D. Del.) ........................................................................... 4

*Round Rock Research LLC v. Asustek Comput. Inc.*,
  967 F. Supp. 2d 969 (D. Del. 2013) ................................................................................ 17

*Round Rock Research, LLC v. Dell, Inc.*,
  904 F. Supp. 2d 374 (D. Del. 2012) ................................................................................ 17

*Semcon Tech, LLC v. Intel Corp.*,
  Civ. No. 12-531-RGA, 2013 U.S. Dist. LEXIS 2596 (D. Del. Jan. 8, 2013) .................... 9

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970) .......................................................................................... 6, 7

*Signal Tech, LLC v. Analog Devices, Inc.*,
  Civ. No. 11-1073-RGA, 2012 U.S. Dist. LEXIS 46822 (D. Del. Apr. 3, 2012) ............... 9

*TSMC Tech., Inc. v. Zond, LLC*,
  Civ. No. 14-721-LPS-CJB, 2014 U.S. Dist. LEXIS 175201 (D. Del. Dec. 19,
  2014) ................................................................................................................................ 17

*United Patents, LLC v. Robocast, Inc.*,
  Case IPR2022-01125 (PTAB June 30, 2022) ................................................................... 4

iv

*Videoshare, LLC v. Google Inc. et al.*,
   Civ. No. 1:13-cv-00990-GMS (D. Del.) ........................................................................... 19

*Virentem Ventures, LLC v. YouTube, LLC*,
   Civ. No. 18-917 (MN), 2019 U.S. Dist. LEXIS 82732 (D. Del. May 16, 2019).. 13, 16, 19

*VLSI Tech. LLC v. Intel Corp.*,
   Civ. No. 18-966-CFC, 2018 U.S. Dist. LEXIS 184383 (D. Del. Oct. 29, 2018) ............. 14

*W.R. Berkley Corp. v. Niemela*,
   Civ. No. 17-CV-00032-GMS, 2017 U.S. Dist. LEXIS 149918 (D. Del. Sep. 15,
   2017) .................................................................................................................................. 19

## **Statutes**

28 U.S.C. § 1404(a) ..................................................................................................................... 1, 5

v

## I.      <u>INTRODUCTION</u>

Plaintiff Robocast, Inc. ("Robocast") respectfully submits this opposition ("Opposition") to Defendants Google LLC ("Google") and YouTube, LLC's ("YouTube")[1] (collectively "Defendants") motion to transfer to the Northern District of California pursuant to 28 U.S.C. § 1404(a) ("Motion").

All parties to this dispute are Delaware companies. Robocast filed suit here for valid and legitimate reasons. This Court has presided over multiple litigations concerning Robocast and the same technology implicated here. Indeed, the prior suits handled by this Court involved one of the Patents-in-Suit (which is related to the others now at issue), and the Court made numerous substantive rulings, including as to claim construction. Robocast is a small, four-person company that is physically located nearby to Delaware. The Defendants are huge, multi-billion-dollar entities that have litigated in Delaware several times before. There is no credible burden or inconvenience to Defendants litigating in this District. For these reasons, and as set forth below, Defendants' Motion should be denied.

## II.      <u>NATURE AND STAGE OF THE PROCEEDINGS</u>

Robocast brought this action on March 7, 2022, alleging that Defendants infringed U.S. Patent Nos. 7,155,451 (the "'451 patent"), 8,606,819 (the "'819 patent"), and 8,965,932 (the "'932 patent") (collectively the "Patents-in-Suit"). (*See generally* D.I. 1.) On May 11, 2022, Defendants filed a Motion to Dismiss (*see* D.I. 11, 12), but did not dispute venue.[2]  More than five months later, on October 11, 2022, Defendants filed the present Motion. (*See* D.I. 21, 22, 24, 25.)

---

[1] YouTube is a subsidiary of Google. (*See* D.I. 13.)

[2] On November 14, 2022, the Court granted in part and denied in part Defendants' Motion to Dismiss. (D.I. 29.)

III.     **STATEMENT OF THE FACTS**

    A.     **Robocast's Longstanding Relationship With Delaware**

Robocast has been a Delaware corporation for over twenty-five years. Robocast was founded in the 1990's by Damon Torres and was incorporated in Delaware on January 10, 1997. (Declaration of Damon Torres filed herewith ("Torres Dec.") ¶ 3.) Robocast is – and always has been – a corporate citizen of Delaware and has litigated here before. Ten years ago in denying transfer motions brought by Apple, Inc. and Microsoft Corporation, this Court acknowledged that Delaware is Robocast's "longstanding corporate home." *See Robocast, Inc. v. Apple, Inc.*, Civ. No. 11-235-RGA, 2012 U.S. Dist. LEXIS 24879, at *15 (D. Del. Feb. 24, 2012) (Andrews, J.). Robocast has deliberately chosen to file this suit, all related suits, and all prior patent infringement suits in this District.

    B.     **Robocast's Patented Technology**

The Patents-in-Suit claim novel paradigms for improving the web browsing experience by providing automated playlists to the computer user. The subject matter of the Robocast inventions thus relates to innovative methods by which websites can deliver and present Internet content on a user's computer from a plurality of different Internet data resources, including streamable video and audio content. (*See* D.I. 1 ¶ 12, 14).

    C.     **Related Litigations And Proceedings**

        1.     **The Prior *Robocast* Litigations in Delaware**

This Court is familiar with Robocast, the Patents-in-Suit, and the underlying technology. This Court previously presided over multiple litigations involving the '451 patent and the same technology at issue in this case. *See Robocast, Inc. v. Apple, Inc.*, Civ. No. 11-235-RGA (D. Del.) and *Robocast, Inc. v. Microsoft Corp.*, Civ. No. 10-1055-RGA (D. Del.) ("Prior Microsoft Case")

(collectively the "Prior Related Cases");[3] (*see* Ex. A-B (Prior Related Cases Docket Sheets).)[4] The '451 patent is the parent patent to the two other patents at issue in this case. In fact this Court has already found, "[t]he asserted patents are related. All three share a common specification, as the '819 and '932 patents are continuations of the '451 patent". (D.I. 28 at 1).

The Prior Related Cases were extensively litigated. Each lasted over three years and concluded on the eves of trial. Over the course of those cases, this Court properly denied similar transfer motions to the Northern District of California brought by Apple and Microsoft based upon reasoning that is equally applicable and should govern here. (*See* Ex. C (Memorandum Opinion denying transfer entered in the Prior Related Cases at *Robocast, Inc. v. Apple, Inc.*, Civ. No. 11-235-RGA, 2012 U.S. Dist. LEXIS 24879 (D. Del. Feb. 24, 2012).) This Court also issued detailed *Markman*, *Daubert*, and summary judgment opinions concerning claim construction, validity, direct and indirect infringement, damages, enforceability, conception, priority dates and prior inventions, willfulness, injunctive relief, computer forensics, and various equitable doctrines. (*See, e.g.*, 10-cv-1055-RGA) (D.I. 246, 429, 431-32, 449, 452, 499); (*see, e.g.*, 11-cv-235-RGA) (D.I. 239, 423, 428, 430, 440, 457.)  The Prior Related Cases involved more than 80 fact and expert depositions, and close to 6 million pages of produced documents. (*See, e.g.*, Coyle Dec. ¶ 3.)

2.      **The Co-Pending *Netflix* Litigation in Delaware**

Also pending currently before this Court is Robocast's related litigation against Netflix,

_____

[3] YouTube contends their accused products are different from the products at issue in the Prior Related Cases. (*See* D.I. 24 at 13). Of course the products are not identical, but YouTube's website is substantially similar to Microsoft's previously accused websites in material respects. *Compare* (D.I. 1 ¶¶ 25-27) with Prior Microsoft Case D.I. 428, Ex. D at 3-21 and D.I. 499,Ex. E at 3-9. Thus, there is likely to be significant overlap of legal and/or factual issues in this case and the Prior Microsoft Case.

[4] All references to "Ex. __" herein shall mean and refer to exhibits attached to the concurrently filed Declaration of Steven M. Coyle unless otherwise stated.

Inc.  *See Robocast, Inc. v. Netflix, Inc.*, Civ. No. 1:22-cv-00305-RGA (D. Del.) (the "*Netflix*

Case"); (Ex. F (*Netflix* Case Docket Sheet).) The *Netflix* Case involves the same patents and

substantially the same technical subject matter at issue in this case.

### 3.    Concurrent *inter partes* Review Proceedings

Three *inter partes* review ("IPR") proceedings are currently pending before the Patent Trial

and Appeal Board involving all of the Patents-in-Suit. *See United Patents, LLC v. Robocast, Inc.*,

Case IPR2022-01125 (PTAB June 30, 2022) ('932 patent), *Netflix, Inc. v. Robocast, Inc.*, Case

IPR2023-00081 (PTAB Oct. 24, 2022) ('451 patent), and *Netflix, Inc. v. Robocast, Inc.*, Case

IPR2023-00182 (PTAB Nov. 18, 2022) ('819 patent) (collectively "Related IPRs"). Notably, this

Court's *Markman* rulings from the Prior Related Cases are being relied upon by Petitioners for

claim construction in each of the Related IPRs. (*See* Ex. G (Related IPRs Petitions and Relevant

Exhibits) at 10-13, Ex. H; Ex. I at 18-19, Ex. J; and Ex. K at 18-19; Ex. L.)

## IV.    SUMMARY OF ARGUMENT

Defendants' Motion should be denied.  Defendants have failed to meet their heavy burden

that the balance of convenience is *strongly* in favor of transfer to the Northern District of

California. Indeed, the balance of relevant factors clearly favors Delaware as the appropriate

venue.

First, the private interest factors weigh heavily against transfer. Robocast's choice to file

in Delaware is accorded paramount consideration and is based on rational and legitimate reasons.

Robocast has deep-rooted connections to Delaware, as Delaware has been its corporate home for

twenty-five years.  Robocast has litigated multiple matters in this forum, and specifically before

this Court. This Court has presided over past and current litigation involving the parent patent at

issue here. Robocast is a four-person company with most of its witnesses and all documents on the

East Coast in reasonable proximity to this Court. Litigating across the country in California, on

the other hand, would be highly burdensome for a small entity with limited resources.

Defendants are huge, multi-billion-dollar companies that, like Robocast, are long-standing corporate citizens of Delaware. Also like Robocast, Defendants have litigated in this forum on multiple prior occasions, including as plaintiff and moving to transfer litigation to this District. (*See* Ex. M-N (Defendants' D. Del. Litigations); *see also Microsoft Corp. v. Geotag Inc.*, 847 F. Supp. 2d 675 (D. Del. 2012) (Google filing action as plaintiff); *Dynamic Data Technologies, LLC v. Google LLC and YouTube, LLC*, Civ. No. 2:18-cv-466-RWS (E.D. Tex.) (D.I. 48) (Dynamic and Defendants Google and YouTube's Joint Motion to Transfer to the District of Delaware) (attached as Ex. O). Defendants have failed to demonstrate that litigating this case in Delaware would pose any unique or unusual burden. Defendants have failed to identify any witness with particularity that will actually be unavailable to testify at trial in Delaware. Defendants have also failed to identify any evidence that could only be available in the Northern District of California or that could not be produced in Delaware.

Second, the public interest factors also weigh heavily against transfer. This Court's extensive involvement in the Prior Related Cases would preserve judicial economy and avoid the likelihood of inconsistent rulings in other fora.

In view of the foregoing, and in properly balancing the private and public interest factors, this Court should deny Defendants' Motion.

## III.   <u>APPLICABLE LEGAL STANDARD</u>

The first step in a 28 U.S.C. § 1404(a) transfer analysis is determining whether the case could have been brought in the requested transferee district. *See, e.g.*, *Abraxis Bioscience, LLC v. HBT Labs, Inc.*, Civ. No. 18-2019-RGA, 2019 U.S. Dist. LEXIS 88752, at *3 (D. Del. May 24,

2019) ("First, I must determine whether this case could have been brought in . . . .").[5]

The second step is determining whether the Defendant has shown that the balance of the parties' convenience is strongly in favor of transfer. *Id.* In the second step, this Court evaluates the following non-exhaustive list of private and public interest factors set forth by the Third Circuit in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995). The private interest factors include:

> "…(1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)…"

The public interest factors include:

> "…(7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) the relative administrative difficulty in the two fora resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the familiarity of the trial judge with the applicable state law in diversity cases."

*Id.* at 879-80.

It is the movant's burden "to establish that a balancing of proper interests weigh[s] in favor of the transfer." *Abraxis*, 2019 U.S. Dist. LEXIS 88752, at *3-4 (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). "[U]nless the balance of convenience of the parties is *strongly* in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Id.* (internal quotation marks and citation omitted) (emphasis added). Multi-billion-dollar companies who transact business both nationally and internationally have a greater burden to meet in seeking transfer. *See InvestPic, LLC v. SAS Inst., Inc.*, 871 F. Supp. 2d 317, 323 (D. Del. 2012) (citing

---

[5] For purposes of this Opposition, Robocast does not dispute that this action involving nationwide infringement could have been brought in the Northern District of California.

*Intellectual Ventures I LLC v. Altera Corp.*, 2012 U.S. Dist. LEXIS 70653, 2012 WL 297720, *3 (D. Del. Jan. 23, 2012)).

## V.      DEFENDANTS' MOTION TO TRANSFER SHOULD BE DENIED

### A.      The *Jumara* Private Interest Factors Favor Delaware As The Forum

#### 1.      Robocast's Choice To Litigate In Delaware Is A Paramount Consideration, Legitimate And Rational

"It is black letter law that a plaintiff's choice of a proper forum is a *paramount consideration* in any determination of a transfer request, and that choice 'should not be lightly disturbed.'" *Shutte*, 431 F.2d at 25 (citation omitted) (emphasis added). "[W]hen analyzing the first *Jumara* private interest factor…the court should not consider simply the *fact* of that choice, but the *reasons* behind that choice." *Pragmatus AV, LLC v. Yahoo! Inc.*, Civ. No. 11-902-LPS-CJB, 2012 U.S. Dist. LEXIS 147834, at *13 (D. Del. Oct. 15, 2012) (citing *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 200 (D. Del. 1998)) (emphasis in original). "[U]nless the balance of convenience of the parties is *strongly* in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Abraxis*, 2019 U.S. Dist. LEXIS 88752, at *4 (quoting *Shutte*, 431 F.2d at 25) (emphasis in original).

Here, Defendants have not provided a "compelling reason" to overcome Robocast's choice of forum. *InvestPic*, 871 F. Supp. 2d at 323. Robocast's selection of Delaware as a forum is therefore a paramount consideration and should prevail.

Robocast has chosen to litigate in Delaware for valid and legitimate reasons. Robocast is and for its entire 25-year existence has been a Delaware corporation.[6]  Further, Robocast has been

---

[6] Many courts of this District consider a company's state of incorporation its "home turf." *See e.g.*, *FG SRC LLC v. Xilinx, Inc.*, Civ. No. 20-601-LPS, 2021 U.S. Dist. LEXIS 25873, at *8 (D. Del. Feb. 10, 2021) (citing *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 744, 754 (D. Del. 2012); *Mobile Telecomms. Techs., LLC v. Mobile Telecomms. Techs., LLC*, 243 F. Supp. 3d (continued…)

historically headquartered in New York City, and its key operational employees and all of its relevant documents are located in New York City or otherwise in the Northeast, all within a reasonable proximity to Delaware. (Torres Dec. ¶¶ 4-7, 12-13.) Delaware is the forum in which Robocast has litigated on multiple prior occasions and is litigating the companion *Netflix* Case here now. As such, there is no valid reason to disturb the substantial weight that should be accorded Robocast's selection of Delaware as its forum of choice.

The fact that Robocast does not have physical offices in Delaware does not provide sufficient basis to discount its choice of forum. Indeed, Defendant Google itself has previously acknowledged to this Court that a "[p]laintiff's choice of forum is a 'paramount consideration,' even if Plaintiffs do not have their principal places of business in this district [Delaware]." *Microsoft Corp. et al. v. Geotag, Inc.*, Civ No. 1:11-cv-00175-RGA (D. Del.) (D.I. 14 at 12) (attached as Ex. P).

Defendants now take a contrary view and urge that Robocast's choice of forum should be accorded minimal weight due to lack of physical ties to Delaware. (D.I. 24 at 5-6).But notwithstanding Defendants' "flip-flop" on this issue, the cases they cite are inapposite. None of the cases relied upon by Defendants have the same critical combination of facts as exist here, that is: (i) all parties were longstanding Delaware companies; (ii) there was co-pending litigation filed in Delaware involving the same patents-at-issue; (iii) the Court had extensive prior history with the patents-at-issue and had made numerous substantive rulings concerning those patents; (iv) the plaintiff, its key operational employees and all of its documents were located nearby to Delaware;

---

478, 486 (D. Del. 2017) ("a plaintiff's 'home turf' may include its state of incorporation"); *Praxair, Inc. v. ATMI, Inc.*, Civ. No. 03-1158-SLR, 2004 U.S. Dist. LEXIS 7076, at *5 (D. Del. Apr. 20, 2004) (holding Delaware is "home turf" as long as company is incorporated in Delaware, regardless of location of principal place of business).

(v) the requested transferee district was across the country and materially more inconvenient for the plaintiff; and (vi) all of the plaintiffs' prior patent suits (if any) had been brought exclusively in Delaware. Each of the cases relied upon by Defendants is distinguishable for at least one but typically several of these reasons that are important to the transfer analysis. *See, e.g.*, *Express Mobile, Inc. v. Web.com Grp., Inc.*, Civ. No. 19-cv-1936-RGA, 2020 U.S. Dist. LEXIS 123056 (D. Del. July 14, 2020) (distinguishable on four of six factors, including: (iii) the Court had only limited familiarity with the patents-at-issue, whereas here the Court has substantial experience with the '451 parent patent given the Prior Related Cases; (iv) plaintiff was located in California and not nearby to Delaware like Robocast is; (v) the transferee district was only "slightly more inconvenient" to plaintiff, whereas here California is materially inconvenient to Robocast; and (vi) the plaintiff brought at least sixty patent cases in other districts while Robocast has only filed patent cases in Delaware).

Defendants further cite to other decisions in which this Court transferred cases notwithstanding related lawsuits in this District. (D.I. 24 at 6-7.) But these cases are also easily distinguished. While there were related co-pending cases in *Blackbird Tech LLC v. TuffStuff Fitness Int'l, Inc.*, Civ. No. 16-733-GMS, 2017 U.S. Dist. LEXIS 63752 (D. Del. Apr. 27, 2017), *Semcon Tech, LLC v. Intel Corp.*, Civ. No. 12-531-RGA, 2013 U.S. Dist. LEXIS 2596 (D. Del. Jan. 8, 2013), and *Signal Tech, LLC v. Analog Devices, Inc.*, Civ. No. 11-1073-RGA, 2012 U.S. Dist. LEXIS 46822 (D. Del. Apr. 3, 2012), none of those actions involved co-pending litigations where prior related cases were extensively litigated, to the eve of trial, as the Prior Related Cases here. In this case, and, unlike in Defendants' cited cases, this Court is currently presiding over the co-pending *Netflix* Case involving the same Patents-in-Suit *and* has presided over the Prior Related Cases for which it made numerous significant substantive rulings, including construing the claims

of the '451 patent. The cited cases, therefore, do not involve similar situations.

Contrary to Defendants' assertions, a plaintiff's choice of forum will not be discounted if it was motivated by legitimate and rational reasons. *See Abraxis*, 2019 U.S. Dist. LEXIS 88752, at *5. The *Abraxis* case is analogous.[7] There, as here, the litigation involved patent issues, the parties were both Delaware entities, and defendants were seeking transfer to California. 2019 U.S. Dist. LEXIS 88752, at *2-3. Also like here, the plaintiff did not have its principal office in Delaware. Nevertheless, the Court did not discount plaintiff's forum choice based on a lack of physical ties. *Id.* at *5 ("I will not discount Plaintiff's choice of forum based on a lack of physical ties to Delaware"). Instead, the Court found that it was rational and legitimate for plaintiff to file in Delaware given, in part, that all parties were incorporated in Delaware and plaintiff's principal place of business was located in nearby New Jersey. *Id.*

The present case is materially identical. Here, all parties are Delaware companies, and Robocast has been headquartered in nearby New York City and its key anticipated witnesses and all of its documents are located in reasonable proximity to this Court. (*See* Torres Dec. ¶¶ 4, 12-15.) In balancing the *Jumara* factors, the *Abraxis* Court treated the plaintiff's choice of forum as a paramount consideration and ultimately denied transfer. *Id.* at *11.[8] The same heavy deference should be accorded to Robocast's choice of forum here.

In fact, there are even more legitimate and rational motives behind Robocast's choice of Delaware than existed in *Abraxis*. Here, there is also this Court's history of presiding over the Prior

---

[7] *Abraxis* is an ANDA case, but in the context of a transfer motion this is an immaterial distinction.

[8] Notably, Google itself has argued to this Court that "[A] corporation's decision to incorporate in a particular state is a rational and legitimate reason to litigate in that state." *See Microsoft Corp. et al. v. Geotag, Inc.*, Civ No. 1:11-cv-00175-RGA (D. Del.) (D.I. 14 at 13) (attached as Ex. P).

Related Cases involving the same parent patent and technology, and the existence of the pending *Netflix* Case, also involving the same patents and technology. (*See* Torres Dec. ¶¶ 9-10.)

Under the circumstances, Robocast's choice of litigating in Delaware was made for valid and legitimate reasons and is entitled to "paramount consideration." This factor weighs heavily in favor of denial of Defendants' Motion.

### 2.     Defendants' Preference To Litigate In The Northern District Of California Is Accorded Minimal Weight

"Under Third Circuit law, [a defendant's] preference for an alternative forum is not given the same weight as [a plaintiff's] preference." *See Intellectual Ventures*, 842. F. Supp. 2d at 759. Here, Defendants prefer transfer to California. However, Defendants' preference must be accorded less deference than Robocast's choice of forum and, when properly considered in light of the remaining *Jumara* factors, does not by itself warrant transfer.

### 3.     Robocast's Infringement Claims Arise Nationwide, Including In Delaware

The relevant claims are Robocast's allegations of patent infringement. Robocast's assertions include claims of infringement in Delaware, as the accused technology is offered for sale, sold, and/or used here. (*See* D.I. 1 ¶¶ 6, 33, 40, 47.) Indeed, Defendants' infringement occurs nationally given the accused YouTube website provides infringing playlists to computer users located everywhere in the United States.

Defendants suggest that the claims arise in California because that is where the accused products were allegedly developed. (D.I. 24 at 8.) But for purposes of determining where the claims arose the question is not merely where the accused products were developed but also where the accused products are sold, offered for sale, and used. *See Robocast*, 2012 U.S. Dist. LEXIS 24879, at *5-7 (despite defendant's contentions the allegedly infringing products were designed, developed and marketed in the Northern District of California, the Court held "the claim that is

11

relevant here is the plaintiff's claim that [the defendant's] products, which are sold and offered for sale all over the United States, including Delaware, infringed its patent."). Where the defendant in a patent case operates on a national level, the infringement occurs in all districts. *Bonutti Skeletal Innovations LLC v. ConforMIS, Inc.*, Civ. No. 12-1109-GMS, 2013 U.S. Dist. LEXIS 164549, at *1 n.7 (D. Del. Nov. 14, 2013) (citation omitted).

Here, therefore, the claims at issue arise from conduct occurring nationally, including equally in Delaware. This factor weighs against transfer.

### 4.      Delaware Is The Most Convenient Forum For This Litigation

The fourth *Jumara* factor "the convenience of the parties as indicated by their relative physical and financial condition" weighs heavily against transfer.

#### a.      Defendants Have Not Shown Litigating This Action In Delaware Would Pose A Unique Or Unexpected Burden

"[A]bsent some showing of a *unique or unexpected burden*, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *Abraxis*, 2019 U.S. Dist. LEXIS 88752, at *7 (citation omitted) (emphasis added); *see also Personalized User Model LLP v. Google, Inc.*, Civ. No. 09-525-JJF, 2009 U.S. Dist. LEXIS 100497, at *5 (D. Del. Oct. 27, 2009) (Google is incorporated in and a resident of Delaware and therefore "cannot complain that it is unfair or unreasonable to be sued in its home state.").

Here, all parties are incorporated in Delaware. Google has been a Delaware company since 2002, and YouTube has been a Delaware company since 2006. (*See* Ex. Q-R (Defendants' Delaware Secretary of State Website Pages).) Yet, Defendants maintain it would be "significantly more convenient" to litigate in the Northern District of California.  (D.I. 24 at 9.)  However, as this Court recently held in another case, "Defendants' [Google and YouTube's] size, financial resources, and status as Delaware corporations…negate any assertion that they are actually

inconvenienced by having to litigate in Delaware." *Virentem Ventures, LLC v. YouTube, LLC*, Civ. No. 18-917 (MN), 2019 U.S. Dist. LEXIS 82732, at *7 (D. Del. May 16, 2019).[9]

Having elected to incorporate in this forum, Defendants cannot demonstrate a "unique or unexpected burden" in having to litigate here.

> **b.      Defendants Are Global, Multi-Billion-Dollar Companies That Have The Resources And Capability To Litigate In Delaware**

The relative physical and financial size of the parties must be considered. *Jumara*, 55 F.3d at 879-880. Here, Defendants are multi-billion-dollar companies. In 2021, Google's reported revenue was $257.6 billion. (*See* Ex. S at 33 (Alphabet Inc. (Defendants' parent company) Form 10-K).)  In 2021, YouTube's reported revenue was $28.84 billion. *Id.*  This Court has recognized the sweeping physical and financial condition of Defendants on more than one occasion. *See Microsoft*, 847 F. Supp. 2d at 678 (Google is "omnipresent in everyday life" and is "among [one of] the largest and most powerful corporations in the world."); *Virentem*, 2019 U.S. Dist. LEXIS 82732, at *8 ("Defendants [Google and YouTube] are large corporations with employees located all over the world."). In contrast, Robocast is a small company comprised of four employees. (Torres Dec. ¶ 5); (*see also* Ex. T (Robocast LinkedIn Page).) As in the Prior Related Cases, Robocast's financial condition "pales in comparison" to Defendants'. *Robocast*, 2012 U.S. Dist. LEXIS 24879, at *2.

> **c.      It Would Be Inconvenient And Burdensome For Robocast To Litigate In California**

---

[9] Indeed, Defendants have filed suit here in the past. *Id.* at *8 (Defendants Google and YouTube "have afforded themselves the benefits of their status as Delaware corporations…by bringing litigation here [Delaware] in the past."); *see also* Defendants' D. Del. Litigations at Ex. M-N. Google even previously proclaimed this Court is convenient for their California witnesses. *See Microsoft Corp. et al. v. Geotag, Inc.*, Civ No. 1:11-cv-00175-RGA (D. Del.) (D.I. 14 at 16) (attached as Ex. P).

Defendants argue that Robocast will not be materially inconvenienced by transfer because it will have to travel regardless of whether this action is litigated in Delaware or California. (D.I. 24 at 9). But this ignores that Robocast's operations, employees, counsel, and documents are primarily located on the East Coast, not far from Delaware. (Torres Dec. ¶¶ 4-7, 12-15.) This argument also ignores that Robocast is a small company of limited means with no current revenues for whom litigating on the other side of the country presents substantial burdens. (*Id.* ¶¶ 5, 11.) Robocast chose to file this action in Delaware for rational and legitimate reasons, including in part because it is near to where Robocast exists and operates. (*See* Section VI.A.1, *supra*.) For Robocast, this Court is a clearly and materially more convenient forum in which to litigate than the Northern District of California. (Torres Dec. ¶ 16.)

This factor therefore weighs heavily in favor of denial of the Motion.

### 5.   Witness Convenience Favors Delaware

This factor carries weight "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. Defendants have not demonstrated that *any* witnesses would be unavailable for trial.

As a threshold point, "witnesses who are employed by a party carry no weight," because "each party is able, indeed, obligated to procure the attendance of its own employees for trial." *VLSI Tech. LLC v. Intel Corp.*, Civ. No. 18-966-CFC, 2018 U.S. Dist. LEXIS 184383, at *18 (D. Del. Oct. 29, 2018) (citation omitted). The potential witnesses identified in the Declaration of Phil Harnish (D.I. 22, 25) are all employees of Defendants and are therefore not significant to this analysis. *See, e.g.*, *VLSI*, 2018 U.S. Dist. LEXIS 184383, at *18.

Next, Defendants contend that potential third-party witnesses – including two prior artists, Apple or its former employees, and Defendants' former employees – will be unavailable for trial. Defendants' assertions, however, are vague and speculative at best.

14

First, Defendants conclusorily contend that Polle T. Zellweger and Alan Braverman are important "prior artist" witnesses whose testimony will be required at trial. But Defendants provide no serious explanation as to why the alleged location of these two specific "prior artists" should control where this matter is litigated.[10] Further, Zellweger and Braverman were already fully deposed in the Prior Related Cases and their deposition transcripts would be available for use here, if needed. Defendants will presumably assert numerous prior art references as allegedly invalidating the Robocast patents, undoubtedly by inventors from many locations outside of the Northern District of California.

Second, the contention that unidentified former Defendant or Apple employees may be needed as witnesses and would be unavailable for trial in Delaware (D.I. 24 at 10-11) is again mere speculation. Defendants have not identified by name or title a single, specific former employee or Apple witness, why their testimony would be needed, where they live, or a reason why they would be unavailable for trial in Delaware.

In contrast, Robocast's key operational employees reside in close proximity to this District. (*See* Ex. V-W (Smith and Robertiello LinkedIn Pages).) For example, Brett Smith, one of Robocast's four current employees, currently resides in New York City. (Torres Dec. ¶ 7.) Mr. Smith was Robocast's principal Rule 30(b)(6) witness in the Prior Related Cases. (*Id.* ¶ 14.) Robocast's President, Ed Robertiello, resides in Point Pleasant Beach, NJ. (*Id.* ¶ 6.) Likewise, Robocast's patent prosecution counsel for all of the Patents-in-Suit practices in New York City. (*Id.* ¶ 15.)

Thus, Robocast has identified specific witnesses likely to testify in this case for whom

---

[10] Notably, Zellweger's LinkedIn profile appears to confirm that she resides in Washington State and *not* in the Northern District of California.  (*See* Ex. U (Zellweger LinkedIn Page).) .

Delaware is the more convenient forum. Defendants have not meaningfully identified any material witnesses for whom the Northern District of California is necessarily more convenient and/or who would be otherwise unavailable for a trial in Delaware. As such, this factor favors denial of Defendants' Motion.

### 6.        The Location of Books And Records Is Entitled To Minimal Weight

This factor is only given weight "to the extent that the files [and other documentary evidence] could not be produced in the alternative forum." *Virentem*, 2019 U.S. Dist. LEXIS 82732, at \*10 (citing *Jumara*, 55 F.3d at 879).

Defendants contend this factor favors transfer because all relevant documents, including source code, were created and are maintained in the Northern District of California. (D.I. 24 at 12). This is the same argument that Defendants advanced in *Virentem*, and which Judge Noreika soundly rejected as favoring transfer. The Court wrote:

> "Here, Defendants asserts that 'all or nearly all relevant party documents, including highly proprietary information and source code, are available in the Northern District of California.' Defendants, however, have not identified any evidence that could only be available in the Northern District of California or could not be produced in Delaware. Thus, this factor is neutral."

*See Virentum*, 2019 U.S. Dist. LEXIS 82732, at \*10-11 (footnote and citations omitted).[11]

In contrast, this factor disfavors transfer in light of the fact *all* of Robocast's files and other documentary evidence are located on the East Coast and nearby to this Court.

Defendants here have failed to identify *any* evidence that could only be available in the Northern District of California or that could not be produced in Delaware. This factor is entitled to minimal weight or is neutral at most, and does not favor transfer.

---

[11] Google has previously agreed that "the location of documents is not a controlling factor." *Microsoft Corp. et al. v. Geotag, Inc.*, Civ No. 1:11-cv-00175-RGA (D. Del.) (D.I. 14 at 17) (attached as Ex. P).

**B.    The *Jumara* Public Interest Factors Favor Delaware As The Forum[12]**

**1.    Practical Considerations Weigh Heavily Against Transfer**

*Jumara* instructs this Court to give weight to "practical considerations that could make the trial easy, expeditious, or inexpensive."  55 F.3d at 879.

**a.    This Court Has Extensive Prior Experience And Knowledge Of The Patents-in-Suit And The Underlying Technology**

Efficiencies can be gained when all related cases are litigated together. *Genentech, Inc. v. Amgen Inc.*, Civ. No. 17-1407-GMS, 2018 U.S. Dist. LEXIS 9544, at *13-14 (D. Del. Jan. 22, 2018) (citing *Micro Design LLC v. Asus Computer Int'l*, 2015 U.S. Dist. LEXIS 61617, 2015 WL 2089770, at *10 (D. Del. May 1, 2015)); *Graphics Props. Holdings v. Asus Comput. Int'l, Inc.*, 964 F. Supp. 2d 320, 330 (D. Del. 2013).  A court's prior experience with the patent or patents-in-suit is "an important legitimate concern." *Round Rock Rsch., LLC v. Dell, Inc.*, 904 F. Supp. 2d 374, 379 (D. Del. 2012); *Round Rock Rsch. LLC v. Asustek Comput. Inc.*, 967 F. Supp. 2d 969, 982 (D. Del. 2013) (same).  If a presiding judge has "delved deeply into the patented technology" in related cases that proceeded near to trial, there would be a net loss in judicial economy if transfer were granted.  *See TSMC Tech., Inc. v. Zond, LLC*, Civ. No. 14-721-LPS-CJB, 2014 U.S. Dist. LEXIS 175201, at *54-56 (D. Del. Dec. 19, 2014).

Here, this factor weighs very heavily against transfer. This Court developed substantial familiarity with Robocast, the relevant technology, and with at least the '451 patent[13] during the

---

[12] Defendants claim the "enforceability of the judgment", "public policies of the fora", and "the familiarity of the trial judge with the applicable state law in diversity cases" public interest factors are either neutral or are inapplicable. (D.I. 24 at 12, fn. 1.) Robocast does not dispute these positions, with the exception of the "public policies of the fora" factor, which weighs against transfer as discussed in Section VI.B.4., *infra*.

[13] Again, as to the other two Patents-in-Suit here the Court has found, "[t]he asserted patents are related. All three share a common specification, as the '819 and '932 patents are continuations of the '451 patent".  (D.I. 28 at 1).

Prior Related Cases. *Id.* The Prior Related Cases were extensively litigated in this Court, with each lasting for over three years and concluding on the eves of trial. (*See* Ex. A-B (Prior Related Cases Docket Sheets).) Over the course of the Prior Related Cases, this Court issued *Markman*, *Daubert*, and summary judgment opinions resolving legal and factual issues relating to claim construction, validity, direct and indirect infringement, damages, enforceability, conception, priority dates and prior inventions, willfulness, injunctive relief, computer forensics, and various equitable doctrines. (*See, e.g.*, (10-cv-1055-RGA) (D.I. 246, 429, 431-32, 449, 452, 499); (11-cv-235-RGA) (D.I. 239, 423, 428,  430, 440, 457).) As discussed in Section III.C.2., *supra*, the related co-pending *Netflix* Case also involves the same Patents-in-Suit as this case. There will undoubtedly be significant overlap not only between this case and the Prior Related Cases, but with the *Netflix* Case as well.

Defendants' attempt to minimize the significance of the Prior Related Cases blatantly disregards the negative impact transfer would have on judicial economy. Defendants do not cite to any Delaware case where transfer was granted after this Court expended significant time and resources in prior related litigations.[14] In fact, Defendants have previously acknowledged that efficiency is gained when related cases are heard in the same forum. *See Videoshare, LLC v. Google Inc. et al.*, Civ. No. 1:13-cv-00990-GMS (D. Del.) (D.I. 22 at 7-8) (attached as Ex. X)

---

[14] Defendants' reliance on *In re Verizon Bus. Network Servs.*, 635 F3d 559, 562 (Fed. Cir. 2011) is misplaced. First, *Verizon* involved a case that applied venue law from the Fifth Circuit, which considers different factors than this Court in a transfer analysis. *See Microsoft*, 847 F. Supp. 2d at 682 n.13. Significantly, for example, unlike the Third Circuit, the Fifth Circuit analysis does not treat plaintiff's choice of forum as a distinct factor. *Id.* Second, the Court in *Verizon* distinguishes *In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010), which is more analogous to this case. *See In re Verizon*, 635 F.3d at 562. The Federal Circuit in *Vistaprint* upheld a refusal to transfer and determined that "the district court properly considered *both its previous experience construing claims of the patent at issue and co-pending litigation before the district court involving the same patent and underlying technology.*" *In re Verizon*, 635 F.3d at 562 (emphasis added). The Federal Circuit in *Verizon* ultimately upheld transfer largely because *there was no co-pending litigation* involving the same patent and technology. *Id.* Here, this Court has previously construed the '451 patent in the Prior Related Cases *and* there is the related co-pending *Netflix* Case.

(transfer to Google and YouTube's requested district where earlier-filed case involving a related patent and the same accused technology would "(1) conserve judicial resources and prevent inconsistent rulings; (2) provide a benefit to the parties via the [transferee] court's familiarity with the case…"); *see also Virentem*, 2019 U.S. Dist. LEXIS 82732, at *11.

To the extent the Prior Related Cases did not include the '819 and '932 patents, Defendants' suggestion that this materially impacts the transfer analysis is disingenuous. (*See* D.I. 24 at 13-14). Indeed, Defendants have expressly argued to this Court in support of their Motion to Dismiss that the '451 patent claims "are not patentably distinct from the claims of either the '819 or '932 patents." (D.I. 12 at 11).

### b.      **Transfer Will Risk Inconsistent Rulings**

Transferring this action to the Northern District of California runs the real and unnecessary risk of inconsistent judgments. *See Microsoft*, 847 F. Supp. 2d at 681 (recognizing inconsistent results between two fora are not "desirable for the administration of justice"). As noted, in the Prior Related Cases this Court made numerous rulings related to the parent '451 patent asserted herein, including but not limited to claim construction rulings. This Court also continues to preside over litigation involving all the Patents-in-Suit in the companion *Netflix* Case. As such, transfer risks inconsistent rulings and should be denied "in the interest of justice." *Id.*, 847 F. Supp. 2d at 680.

### 2.      **Overall Court Congestion Weighs Against Transfer**

Defendants' court congestion argument is not persuasive.[15] (D.I. 24 at 14.) The June 2022 Federal Court Management Statistics reveals the following significant information: 1) Delaware

---

[15] The case Defendants rely on does not lend them any support. In *W.R. Berkley Corp. v. Niemela*, No. 17-CV-32-GMS, 2017 U.S. Dist. LEXIS 149918 (D. Del. Sep. 15, 2017), the transfer motion was denied and this factor was neutral – even when time to trial disparities were *greater* than here.

had only 455 civil filings per judgeship while the Northern District of California had 626; 2) Delaware had a total of 2,246 pending cases while the Northern District of California had 12,453; and 3) Delaware had a total of 562 pending cases per judgeship while the Northern District of California had 890. (*See* Ex. Y (June 2022 Federal Court Management Statistics).). Thus, while the median time to trial is slightly longer in Delaware by an insignificant 1.3 months, the statistics demonstrate this District is less congested overall.  This factor weighs against transfer or is neutral.

### 3.     Delaware Has A Strong Local Interest In Adjudicating This Action

Delaware has a strong interest in adjudicating disputes among its corporate citizens, including litigations solely among Delaware companies, as is the case here.  *See Intuitive Surgical, Inc. v. Auris Health, Inc.*, Civ. No. 18-1359 (MN), 2019 U.S. Dist. LEXIS 91309, at *15 (D. Del. May 31, 2019) ("Delaware has a substantial interest in adjudicating disputes between Delaware corporations, and its interest 'must be accorded at least equal weight to those of the Northern District of California.'") (citation omitted); *see also Abraxis*, 2019 U.S. Dist. LEXIS 88752, at *10-11 (local interest factor neutral in case involving patent issues). This factor weighs against transfer or is neutral.

### 4.     Public Policy Favors Delaware As The Forum

Public policy encourages Delaware as a forum to resolve disputes between Delaware corporations. *See Abraxis*, 2019 U.S. Dist. LEXIS 88752, at *11. All parties to this litigation are Delaware companies and Delaware encourages them to resolve this dispute here. This factor weighs against transfer.

## VI.   CONCLUSION

For at least the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to transfer this action to the Northern District of California.

Dated: November 22, 2022

*Of Counsel*

| CANTOR COLBURN LLP | BAYARD, P.A. |
| --- | --- |

Marc N. Henschke (*pro hac vice*)   /s/ Stephen B. Brauerman
Steven M. Coyle (*pro hac vice*)      Stephen B. Brauerman (#4952)
Andrew C. Ryan (*pro hac vice*)       Ronald P. Golden III (#6254)
Nicholas A. Geiger (*pro hac vice*)   600 N. King Street, Suite 400
Katherine M. Tassmer (*pro hac vice*) Wilmington, DE 19801
Sara T. Colburn (*pro hac vice*)      Tel.: (302) 655-5000
20 Church Street                      Fax: (302) 658-6395
22nd Floor                            sbrauerman@bayardlaw.com
Hartford, CT 06103                    rgolden@bayardlaw.com
Tel.: (860) 286-2929
Fax: (860) 286-0115                   *Attorneys for Plaintiff*
mhenschke@cantorcolburn.com           *Robocast, Inc..*
scoyle@cantorcolburn.com
aryan@cantorcolburn.com
ngeiger@cantorcolburn.com
ktassmer@cantorcolburn.com
scolburn@cantorcolburn.com

MCKOOL SMITH, P.C.

Steven Rizzi (*pro hac vice*)
Casey L. Shoemaker (*pro hac vice*)
Ramy E. Hanna (DE Bar Id #: 5494)
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001-8603
Tel.: (212) 402-9400
srizzi@McKoolSmith.com
rhanna@McKoolSmith.com
cshomaker@mckoolsmith.com