IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBOCAST, INC., | : | |
|       Plaintiff, | : | |
| v. | : | Civil Action No. 22-304-RGA |
| YOUTUBE, LLC, et al., | : | |
|       Defendants. | : | |

**ORDER**

The motion for leave to file under seal (D.I. 20) is **DENIED**.

This is about as frivolous a motion to seal as I have seen. Defendants submitted a declaration of Phil Harnish in support of their motion to transfer the case to the Northern District of California. The motion is based on the purported need to avoid disclosing "sensitive personal information about employees that, if revealed, would harm those employees," and "commercially sensitive information that, if revealed, would aid Defendants' competitors and harm Defendants." (*Id*. at 2).

The sensitive personal information seems to be that Mr. Harnish works at YouTube's headquarters in San Bruno, California. There is a second employee whose name (Ben Hulse) and office location (also San Bruno) are both redacted, as though he were a confidential source for the CIA. I put "Phil Harnish" into the Google search engine; the first thing that comes up is his "Linked In" page, which has a picture, the job title of Senior Staff UX Engineer, and a link to his personal website and his personal email address. I put "Ben Hulse" into the Google search

engine.  It's a more common name than I would have guessed, but when I added "YouTube," up came his Linked In page, with his job description – Senior Staff Software Engineer – but no picture.  There are no social security numbers, bank accounts, home addresses, or anything similar in the Harnish declaration.  If the sensitive personal information is by whom they are employed, where they work, and the nature of their work, the Linked In pages seem to refute that as being sensitive.

The commercially sensitive information is which teams Mr. Harnish and Mr. Hulse lead, the size of the teams, and which products the teams work on.  I am certainly unpersuaded by an unsworn motion that revealing this information is likely to work a defined and concrete harm to Google or YouTube.

Defendants are **ORDERED** to identify the lawyer responsible for this motion.  The lawyer, by January 3, 2023, is **ORDERED** to submit an explanation of why the lawyer thought this was a justified motion.  When I see the explanation, I will consider whether subsequent proceedings are appropriate.

IT IS SO ORDERED this 16th day of December 2022.

/s/ Richard G. Andrews
United States District Judge