RICHARDS
LAYTON &
FINGER

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

December 19, 2022

**BY CM/ECF**
The Honorable Richard G. Andrews
U.S. District Court
District of Delaware
844 North King Street
Wilmington, DE 19801-3555

      Re: *Robocast, Inc. v. YouTube, LLC*, C.A. No. 22-304-RGA

Dear Judge Andrews:

      We are in receipt of the Court's Order of December 16, 2022, D.I. 38 (the "Order"), denying Defendants YouTube, LLC and Google LLC's ("Defendants") Unopposed Motion for Leave to File Under Seal (the "Motion"), D.I. 20. The Motion sought leave to file under seal certain portions of the Declaration of Phil Harnish in Support of Defendants' Motion to Transfer Venue (the "Declaration"). Although the drafting of the Motion was a team effort, I am the attorney responsible for the Motion and write to address the portions of the Order requiring an explanation from counsel and to apologize to the Court.

      In the course of preparing our supporting papers for the Motion to Transfer, D.I. 21, we prepared a factual declaration containing the names, locations, and responsibilities of certain of Defendants' employees, and the number of Defendants' employees on teams that work on certain products at issue. Defendants and counsel sought to protect the named employee's privacy in the context of litigation. Because the parties had not yet negotiated a protective order, counsel for Defendants reached out to counsel for Plaintiff Robocast, Inc. ("Plaintiff") seeking permission to file the Declaration under seal. Counsel for Plaintiff did not oppose. Thereafter, Defendants filed the Motion articulating the bases for seeking confidential treatment for portions of the declaration. Defendants and counsel appreciate that this approach was misplaced under the circumstances.

      I believed that the proposed redactions were consistent with efforts to keep similar types of information confidential in other cases in order to protect Defendants' employees' privacy in the context of litigation. For example, I previously represented Google in *Virentem Ventures, LLC v. YouTube, LLC*. In that matter, Google was permitted to keep under seal information regarding the number of employees in different locations as well as information regarding employees' roles and responsibilities at Google. C.A. No. 18-917-MN (D. Del. Oct. 29, 2018), D.I. 28 ¶¶ 3, 6, 8, 11-13, 15-16.[1]

---

[1] *See also Scramoge Technology Ltd. v. Google LLC*, C.A. No. 21-616-ADA (W.D. Tex. Sept. 9, 2021), D.I. 26-5 ¶¶ 3 (numbers of employees); 8-16 (names of employees); *id.* at 5

  In light of this context and the case law cited in Google's Motion, I believed it was justified to submit the Motion for the Court's consideration. I recognize that some information Defendants sought to redact is less private than other information, such as Mr. Hulse's employment with YouTube, as the Court points out. However, other information remains non-public and is typically treated by Google as confidential in my experience, including the specific sizes and names of different teams within YouTube or Google. By mentioning this, Defendants are not asking the Court to revisit its decision. Defendants seek to fully comply with the Court's Order and any further instruction.

  We understand that the full declaration will be unsealed by Chambers after the filing of this letter. We appreciate the Court's ruling in this matter and will endeavor to treat redactions appropriately in future filings.

  I apologize to the Court for having to consider this matter.

              Respectfully,

              */s/ Frederick L. Cottrell, III*

              Frederick L. Cottrell, III (#2555)

cc:  All Counsel of Record (via email)

---

(DocuSign rather than written signature); *see also id.* D.I. 72 at 11-12 (employee names redacted in Court's Order).