# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ROBOCAST, INC.,** | Civil Action No. 1:22-cv-00304-RGA |
| **Plaintiff,** | JURY TRIAL DEMANDED |
| v. | |
| **YOUTUBE, LLC and GOOGLE, LLC,** | |
| **Defendants.** | |
| **ROBOCAST, INC.,** | Civil Action No. 1:22-cv-00305-RGA |
| **Plaintiff and Counterclaim Defendant,** | JURY TRIAL DEMANDED |
| v. | |
| **NETFLIX, INC.,** | |
| **Defendant and Counterclaim Plaintiff.** | |

## JOINT SCHEDULING ORDER

This  21st  day of  February , 2023, the Court having conducted an initial Rule 16(b) scheduling pursuant to Local Rule 16.1(b), the parties having determined after discussion that these matters cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

**IT IS HEREBY ORDERED** that:

1. <u>Rule 26(a)(1) Initial Disclosures.</u>  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within five (5) days of the date of this Order.

1

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u>  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **December 7, 2023**.

3. <u>Discovery</u>

    a. <u>Fact Discovery Cut Off</u>. All fact discovery in these cases shall be initiated so that it will be completed on or before **April 11, 2024**.

    b. <u>Document Production</u>. Document production shall be substantially complete by **November 17, 2023**.

    c. <u>Requests for Admission</u>. A maximum of **fifty (50)** requests for admission are permitted for each side in each case.

    d. <u>Interrogatories</u>. A maximum of **twenty-five (25)** interrogatories, including contention interrogatories, are permitted for each side in each case.

    e. <u>Depositions</u>.

        i. <u>Limitations on Hours for Deposition Discovery</u>.

           Each side for each case is limited to a total of seventy (70) hours of taking testimony by deposition upon oral examination of the other party (excluding any depositions of third parties and expert witnesses), with each deposition counting for a minimum of two (2) hours towards this limitation regardless of its shorter length.  Each side in each case shall be limited to forty (40) hours of deposition of third parties.  Defendants shall coordinate with each other to ensure depositions of Plaintiff and third parties are conducted in an efficient manner such that, for example,

        depositions of the same witness are scheduled on the same day or on consecutive days or on mutually agreeable days to the parties and the witness. To the extent a party reasonably believes that additional deposition time is necessary, the parties shall meet and confer in good faith in an attempt to achieve resolution. If the parties are unable to achieve resolution, a party may seek relief from the Court, and the remaining parties will not oppose a reasonable request for an expedited briefing schedule on this issue.

    ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for purposes of this provision.

f.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven (7) business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in

dispute and its position on those issues. By no later than five (5) business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing to rga_civil@ded.uscourts.gov. If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

g. <u>Miscellaneous Discovery Matters</u>.

  i. The parties will make initial patent disclosures as set forth below:

   (a) <u>Identification of Accused Products and Asserted Patents</u>: By **March 3, 2023**, for Defendant(s) in each case, Plaintiff shall specifically identify the accused product(s), including the accused methods and systems, and produce the file history for each asserted patent.

   (b) <u>Production of Core Technical Documents</u>: By **April 11, 2023**, Defendant(s) in each case shall produce to Plaintiff the core technical documents related to the accused

4

        product(s), including but not limited to operation manuals, product literature, schematics, and specifications.

    (c)    <u>Initial Infringement Contentions</u>: By **May 25, 2023**, Plaintiff shall produce to Defendant(s) in each case its initial infringement contentions for each asserted claim (limited to a maximum of forty (40) asserted claims per Defendant) relating each accused product to the asserted claims each product allegedly infringes.

    (d)    <u>Initial Invalidity Contentions</u>: By **July 6, 2023**, Defendant(s) in each case shall produce to Plaintiff its initial invalidity contentions for each asserted claim, as well as related invalidating references (e.g., publications, manuals, and patents). Defendant(s) in each case shall identify no more than seventy-five (75) prior art references.

  ii.    Other Litigation and Proceedings

    (1)    Robocast previously initiated litigation in this District against Apple and Microsoft asserting U.S. Patent No. 7,155,451 ("the '451 patent"): *Robocast Inc. v. Microsoft Corp.*, No. 10-1055-RGA (D. Del.) (completed); *Robocast Inc. v. Apple Inc.*, No. 11-235-RGA (D. Del.) (completed).

    (2)    Third-party Unified Patents, LLC filed for IPR of U.S. Patent No. 8,965,932 in *Unified Patents, LLC v. Robocast, Inc.*, IPR2022-01125. On January 20, 2023, the PTAB denied institution. Netflix filed for IPR of the '451 patent and U.S. Patent No. 8,606,819 in *Netflix, Inc. v. Robocast, Inc.*, IPR2023-00081 (pending) and *Netflix, Inc. v. Robocast, Inc.*, IPR2023-00182 (pending). The institution decisions on Netflix's petitions are expected by June 2023.

    (3)    At present, Plaintiff has not yet decided whether it will institute any further litigation within the next year.

    (4)    YouTube/Google currently expects to file one or more IPRs and is considering it for each patent-in-suit. To the extent that YouTube/Google files, it will do so before the deadline permitted by 35 U.S.C. § 315(b), which here is March 8, 2023. It will promptly notify the Court upon filing. At this time, Netflix does not expect to file any additional IPRs against any of the patents-in-suit, though it reserves all rights to challenge any claims of any patent-in-suit at the Patent Office consistent with all applicable laws.

    iii.    <u>Final Infringement Contentions</u>. No later than forty-five (45) days before the close of fact discovery, Plaintiff shall serve its final infringement contentions to Defendant(s) in each case. Plaintiff shall narrow its

6

        asserted claims to no more than twenty (20) total claims for Defendant(s) in each case.

   iv.    <u>Final Invalidity Contentions</u>. No later than thirty (30) days before the close of fact discovery, Defendant(s) in each case shall serve its final invalidity contentions. Defendant(s) in each case shall narrow the number of prior-art-based invalidity arguments to no more than four (4) arguments per asserted claim. A "prior-art-based invalidity argument" as used herein is an argument that: (1) a single reference anticipates a claim; or (2) a single reference renders a claim obvious; or (3) a specified combination of references renders a claim obvious.

   v.    <u>Reducing Asserted Claims and Prior Art.</u> By August 19, 2024 (i.e., after the close of expert discovery), Plaintiff shall further narrow the number of asserted claims to no more than ten (10) for Defendant(s) in each case. By August 26, 2024, Defendant(s) in each case shall narrow the number of prior-art-based invalidity arguments to no more than two (2) arguments per asserted claim.

   vi.    Plaintiff represents that it will either (1) provide any license(s) and settlement agreement(s) relating to any patent-in-suit no later than the time of the initial Rule 16(b) scheduling conference, or (2) if Plaintiff requires a Court Order to make such disclosures, file any necessary proposed orders no later than twenty-four hours before the initial Rule

                16(b) scheduling conference. All parties shall be prepared to discuss at the conference what their preliminary views of damages are.

    vii.    If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at https://www.ded.uscourts.gov/default-standard-discovery. Counsel should confer and attempt to reach an agreement on a proposed form of ESI order and submit it to the Court within thirty (30) days from the date of this Order.

4.    <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(f) above. Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as "confidential" pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

5. <u>Papers Filed Under Seal.</u>  When filing papers under seal, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

6. <u>Claim Construction Issue Identification.</u>

On or before **July 27, 2023** the parties in each case shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).[1] This document will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed on **August 16, 2023**.  The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  The Joint Claim Construction Chart should include an explanation of why resolution of the dispute makes a difference.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with the Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.  To the extent any party believes the claim construction briefing limits and allocations between Defendants need to be adjusted based on the parties' positions, the parties shall contact the Court promptly

---

[1] If a party proposes a construction of a term to be its "plain and ordinary" meaning, the party must explain what that meaning is.  If a term is arguably a means-plus-function term, and a party does not propose a function and a structure, it is waiving any right to propose a function and a structure at a later time.

after submitting the Joint Claim Construction Chart concerning their positions with respect to any adjustments, including any request that the Court reconsider separate claim construction briefing for Defendants.

7.  Claim Construction Briefing.

Plaintiff shall serve, but not file, its opening brief, not to exceed 6,500 words, on **September 27, 2023**. Defendants shall serve, but not file, their answering brief, not to exceed 9,000 words on **October 25, 2023**. Plaintiff shall serve, but not file, its reply brief, not to exceed 6,500 words, on **November 17, 2023**. Defendants shall serve, but not file, their sur-reply brief, not to exceed 4,000 words, on **December 12, 2023**. No later than **December 20, 2023**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their position on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Representative Claims

II. Agreed-upon Constructions

III. Disputed Constructions

    A.  [TERM 1][2]

        1.       Plaintiff's Opening Position

        2.       Defendants' Answering Position

        3.       Plaintiff's Reply Position

---

[2] For each term in dispute, there should be a table or the like setting forth the term in dispute, the parties' competing constructions, and why resolution of the dispute matters. The table does not count against the word limits.

        4.        Defendants' Sur-Reply Position

    B.  [TERM 2]

        1.        Plaintiff's Opening Position

        2.        Defendants' Answering Position

        3.        Plaintiff's Reply Position

        4.        Defendants' Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

8.    <u>Hearing on Claim Construction.</u>  Beginning on **January 17, 2024** at 9:00 a.m., the Court will hear argument on claim construction. The Court will conduct a single claim construction hearing for both cases. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three (3) hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

9.    <u>Disclosure of Expert Testimony.</u>

    a.    <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on

        or before **May 21, 2024**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **June 21, 2024**. Reply expert reports from the party with the initial burden of proof are due on or before **July 18, 2024**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one (1) week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

        Along with the submission of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **August 12, 2024**.

    b.    <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993) ("*Daubert*"), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

10.    <u>Case Dispositive Motions</u>. All case dispositive motions shall be served and filed on or before **September 6, 2024**. No case dispositive motions under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court. Absent an

order of the Court upon a showing of good case, each side in each case is limited to one forty (40) page opening brief, one forty (40) page answering brief, and one twenty (20) page reply brief for all of its *Daubert* and case dispositive motions. Answering briefs for case dispositive motions shall be served and filed on or before **October 3, 2024**. Reply briefs for case dispositive motions shall be served and filed on or before **October 31, 2024**.

11. <u>Applications by Motion</u>. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

12. <u>Pretrial Conference</u>. On **January 31, 2025 (YouTube/Google)** and **February 21, 2025 (Netflix)**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 AM. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 P.M. on the fourth business day before the date of the final pretrial conference (i.e., **January 27, 2025 (YouTube/Google)** and **February 14, 2025 (Netflix)**). Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

13. <u>Motions *in Limine*</u>. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion on the same day the parties file their Proposed Pretrial Order. To meet this deadline, motions in *limine* shall be served, but not filed, twelve (12) business days before the parties file their Proposed Pretrial Order (i.e., **January 9, 2025 (YouTube/Google)** and **January**

13

**29, 2025 (Netflix)**), responses shall be served, but not filed, seven (7) business days before the parties file their Proposed Pretrial Order (i.e., **January 16, 2025 (YouTube/Google)** and **February 5, 2025 (Netflix)**), and replies shall be served, but not filed, four (4) business days before the parties file their Proposed Pretrial Order (i.e., **January 21, 2025 (YouTube/Google)** and **February 10, 2025 (Netflix)**). The parties shall meet and confer after serving their motions *in limine* and before filing their motions *in* limine in an attempt to narrow the disputes. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each side in each case shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

14. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the fourth business day before the date of the final pretrial

conference (i.e., **January 27, 2025 (YouTube/Google)** and **February 14, 2025 (Netflix)**). Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four (4) documents in Word format to rga_civil@ded.uscourts.gov.

15. <u>Trials</u>.  Each matter is scheduled for a five (5) day jury trial beginning at 9:30 a.m. on **February 10, 2025 (YouTube/Google)** and **March 3, 2025 (Netflix)**. Until each case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trials will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

16. <u>Mediation</u>.  The Parties are required to engage in good faith in an in-person mediation. They are to hire a jointly agreed-upon mediator.  The timing of mediation efforts is left to the discretion of the Parties, but the mediation efforts need to be conducted in advance of the pretrial conference. The Parties are required to submit a joint statement no later than one week before the pretrial conference.  The joint statement is to include the identification of the mediator, the lead counsel for each party at the mediation, the length of the mediation, and the certification of the lead mediation counsel that they have engaged in the efforts in good faith.  If the Parties anticipate any further efforts by the mediator at the time of the submission, they should so advise.  The joint statement should not disclose the substance of any offers, counter-offers, or other negotiations.

     /s/ Richard G. Andrews
UNITED STATES DISTRICT JUDGE

Dated: February 21, 2023

*/s/ Ronald P. Golden III*
Stephen B. Brauerman
Ronald P. Golden, III
**Bayard, P.A.**
600 N. King Street, Suite 400
Wilmington, DE 19801
(302) 655-5000
Fax: (302) 658-6395
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

**Cantor Colburn LLP**
Marc N. Henschke (*pro hac vice*)
Steven M. Coyle (*pro hac vice*)
Andrew C. Ryan (*pro hac vice*)
Nicholas A. Geiger (*pro hac vice*)
Sara T. Colburn (*pro hac vice*)
20 Church Street, 22nd Floor
Hartford, CT 06103
Tel. (860) 286-2929
Fax. (860) 286-0115
mhenschke@cantorcolburn.com
scoyle@cantorcolburn.com
aryan@cantorcolburn.com
ngeiger@cantorcolburn.com
scolburn@cantorcolburn.com

**McKool Smith, P.C.**
Steven Rizzi (*pro hac vice*)
Ramy E. Hanna (DE Bar Id #: 5494)
395 9th Avenue, 50th Floor
New York, NY 10001-8603
(212) 402-9400
srizzi@McKoolSmith.com
rhanna@McKoolSmith.com

Casey L. Shomaker (*pro hac vice*)
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000
cshomaker@mckoolsmith.com
**ATTORNEYS FOR PLAINTIFF ROBOCAST, INC.,**

/*s/ Frederick L. Cottrell, III*
Frederick L. Cottrell, III (#2555)
Griffin A. Schoenbaum (#6915)
**Richards, Layton & Finger, P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
schoenbaum@rlf.com

Jordan R. Jaffe
Amy H. Candido
Catherine Lacey
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
One Market Plaza, Suite 330
San Francisco, CA 94105-1126

**ATTORNEYS FOR DEFENDANTS YOUTUBE, LLC AND GOOGLE LLC**

*/s/ Kelly Farnan*
Kelly Farnan
**RICHARDS, LAYTON & FINGER P.A.**
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com

Tara D. Elliott
Rachel Weiner Cohen
Ashley M. Fry
Diane E. Ghrist
Tiffany C. Weston
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
(202) 637-2200
**ATTORNEYS FOR DEFENDANT NETFLIX, INC.**