

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

May 22, 2023

**BY CM/ECF**
The Honorable Jennifer L. Hall
U.S. District Court
District of Delaware
844 North King Street
Wilmington, DE 19801-3555

Re: *Robocast, Inc. v. YouTube, LLC*, C.A. No. 22-304-RGA-JLH

Dear Judge Hall:

Defendants YouTube, LLC and Google LLC (collectively, "Google") respectfully submit this letter for the June 2, 2023 discovery conference regarding the disputed terms of the ESI Order to be entered in the above-captioned case.  Google's proposal is attached as Exhibit 1.

In the Joint Scheduling Order ("JSO"), the parties expressly agreed to confer and submit a "proposed form of ESI order." D.I. 53, § 3(g)(vii). Robocast now disputes this and argues that the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") ("Default") currently applies in this case. It does not. Had the parties agreed that the Default applied, there would be no need to submit a "proposed form of ESI order" nor to request multiple extensions to submit a proposed ESI order. D.I. 64, 65. Since entry of the JSO, despite attempts by Defendants to meet and confer as the parties stated they would, Robocast has provided no compromise proposals. Accordingly the parties now raise their disputes with the Court.

Robocast further argues the substantive terms of the Default should apply. But this is not a typical patent case. First, the patents are all long expired. Two of the three patents in suit expired September 2, 2017, nearly five years before the case was filed—and the third patent expired August 2020, a year and a half before the case was filed. Accordingly, the period of possible, actionable infringement is relatively short (1.5 years for two of the patents and 4.4 years for the third), and any ESI order should be tailored appropriately. Second, all three patents are from the same patent family and have similar claims. The Default provides for ESI discovery far in excess of any need in this case. Google's proposal is appropriately tailored and should be adopted.

**Paragraph 2(b):** Email discovery should be delayed until after the parties have substantially completed their primary document productions. Because the relevant time period ended years before this suit was filed, there is a strong likelihood the parties will find email discovery of limited use as other courts in this District have found. *See, e.g.*, *Sentius Int'l, LLC v. HTC Corp.*, No. 18-1216-MN, D.I. 49 (D. Del. May 25, 2020) at 11:3-12 (denying email discovery in patent case involving "only direct infringement" and "very limited damages period") (Ex. 2); *Groove Digital, Inc. v. King.com Ltd.*, C.A. No. 18-836 (RGA), D.I. 21 (D. Del. Jan. 25, 2019)

The Honorable Jennifer L. Hall
May 22, 2023
Page 2

(Ex. 3); *In re Sensipar AntitrustLitig.*, C.A. No. 19-396 & 19-2895, D.I. 36 (D. Del. June 6, 2019) (scheduling order phasing custodial searches after production of non-custodial materials) (Ex. 4); *Roche Diagnostics Corp. v. Meso Scale Diagnostics, LLC*, C.A. No. 17-189, D.I. 25 (D. Del. July 31, 2017) (scheduling order with two-track discovery) (Ex. 5); *Int'l Construction Products LLC v. Caterpillar Inc.*, C.A. No. 15-108, D.I. 95 (D. Del. Feb. 24, 2017) (same) (Ex. 6).

**Paragraph 3(a):** The parties should identify up to five (5) document custodians instead of the ten (10) provided in the Default. This is warranted given the size and scope of the case discussed above. Notably, the proposed five is more than is twice the number of custodians disclosed by Robocast in its premature March 15, 2023 ESI Disclosures, underscoring the reasonableness of Defendants' proposal. *Cf. Invensas Corp. v. Renesas Elecs. Corp.*, No. CV 11-448-GMS-CJB, 2013 WL 12146531, at *5 (D. Del. May 8, 2013) (adopting Defendant's "reasonable proposal of "five custodians"). In addition, Defendants' proposed deadline for the disclosures should be adopted rather than Robocast's, which already passed and was clearly not contemplated by the Joint Scheduling Order.

**Paragraph 4(a):** Discovery from Defendants, excluding discovery regarding prior art, should be limited to the period from six (6) years before the filing of the complaint until the latest expiration date of the patents-in-suit, as this is the only period during which actionable infringement could have occurred.  Google's only alleged knowledge of an asserted patent also occurred during this period. As such, this limitation is appropriate. *Cf. In re Syngenta Crop Prot. AG*, No. 21-MC-375-CFC, 2022 WL 1690832, at *3 (D. Del. May 26, 2022), *reconsideration denied*, No. 21-MC-375-CFC, 2022 WL 3153858 (D. Del. Aug. 8, 2022) ("Syngenta offers no reason . . . why it would need information pertaining to the time period after the patent's expiration."). By contrast, discovery from Robocast should not be so limited as information relevant to conception and reduction to practice as well as damages is not tied to the period of Google's alleged infringement, rendering the same limitation inappropriate.

**Paragraph 5(b)(i):** A limit of five (5) additional search terms proposed by the receiving party is warranted given the size and scope of the case, as discussed above. Further, the parties are able to request additional search terms upon a showing of good cause, eliminating any possibility of prejudice from limiting the receiving party to five (5) terms.

**Paragraph 5(b)(ii)-(iii):** The inclusion of these provisions is warranted to reduce the number of duplicative, irrelevant, and/or "junk" files in the parties' productions.

**Paragraph 5(c)/Schedule B:** Proposed Schedule B is consistent with the same paragraph of the Default and incorporates many of the metadata fields in paragraph 5(e) of the Default. Proposed Schedule B provides guidance on additional issues not addressed by the Default, such as the designation of materials as confidential under the Protective Order. It also covers standard document production formatting issues in line with standard litigation practice. Inclusion of Schedule B is warranted to prevent any incompatibilities or disputes regarding production format.

**Schedule A:** The items in Google's proposed Schedule A in addition to those in the Default should be included because they are not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

The Honorable Jennifer L. Hall
May 22, 2023
Page 3

Respectfully,

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)

cc:     All Counsel of Record (via email)

RLF1 29055336v.1