**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ROBOCAST, INC.,** | **Civil Action No. 1:22-cv-00304-RGA-JLH** |
| **Plaintiff,** | |
| | **JURY TRIAL DEMANDED** |
| **v.** | |
| **YOUTUBE, LLC and GOOGLE, LLC,** | |
| **Defendants.** | |

| | |
|---|---|
| **ROBOCAST, INC.,** | **Civil Action No. 1:22-cv-00305-RGA-JLH** |
| **Plaintiff and Counterclaim Defendant,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **NETFLIX, INC.,** | |
| **Defendant and Counterclaim Plaintiff.** | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Robocast, Inc. ("Robocast" or "Plaintiff") and Defendants YouTube, LLC ("YouTube"), Google, LLC ("Google") and Netflix, Inc. ("Netflix") (collectively, "Defendants"), each being referred to herein as a "party", and recognizing that each may have confidential, proprietary, and/or trade secret information relevant to the subject matter of this lawsuit that would otherwise be subject to discovery, have agreed to hereby petition the Court for entry of the following Stipulated Protective Order governing the disclosure and discovery of such confidential information.

Upon review of this petition for entry of the following Stipulated Protective Order, the Court has determined that the petition is well taken and should be **GRANTED**.

Accordingly, to expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

<u>**INFORMATION SUBJECT TO THIS ORDER**</u>

1.      For purposes of this Protective Order ("Order"), "CONFIDENTIAL" information or items shall mean all information, tangible things, material, documents, or electronically stored information that is produced or disclosed, either through the formal discovery process or informally, to a receiving party; which a producing party, including any party to either of these actions and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain sensitive financial, patent, trademark, copyright, trade secret, marketing, customer, research, manufacture, regulatory, commercial, business, product development information, or any other confidential technical or non-technical information or know-how that qualifies for protection under Federal Rule Of Civil Procedure 26(c), whether embodied in physical objects, documents, or the factual knowledge of persons, the disclosure of which is likely to harm that party's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third party or to a Court; and which has been so designated by the producing party.

2.      For purposes of this Order, "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or items shall be limited to that subset of CONFIDENTIAL information or items constituting or containing: (1) highly sensitive information, including, but not limited to,

2

information pertaining to scientific and technical data, product research, product development, licensing, projected future sales, pricing, business strategies, business arrangements, volumes, revenues, costs, or profits for accused technology, intellectual property and their components and operations, the disclosure of which to another party or third-party would create a substantial risk of serious harm that could not be avoided by less restrictive means; or (2) sensitive information of third parties, the disclosure of which is likely to significantly harm that third party's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third party or to a Court, and which has been so designated by the producing party.

3.      For purposes of this Order, "HIGHLY CONFIDENTIAL - SOURCE CODE" refers to computer code, as discussed in Paragraph 28 below.

4.      The following information does not qualify as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE information (collectively, "Protected Material") within the meaning of this Order:

        a)      any information that at the time of disclosure in these lawsuits to the receiving party is in the public domain;

        b)      any information that, after its disclosure in these lawsuits to the receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or breach of an obligation of confidentiality to the producing or receiving party;

        c)      any information known to the receiving party prior to disclosure during these lawsuits which had been previously obtained independently from any party or from a third party under no obligation of confidentiality; and

d)     any information obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

5.     All information produced in these litigations designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE (pursuant to Paragraphs 6-16 below) shall be used solely in connection with and for purposes of these lawsuits and shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever.  When the litigation has been terminated, a receiving party must comply with the provisions of Paragraph 52 below. Any use of such information that is outside of this strict scope of use shall be a violation of this Order. This Order specifically contemplates and acknowledges the potential for the existence of information understood to be confidential and exchanged between the parties prior to this lawsuit. Such information may be properly designated confidential information as to all parties.

**DESIGNATION OF INFORMATION AS CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, OR HIGHLY CONFIDENTIAL – SOURCE CODE**

6.     The producing party's designation of information as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE means that such party believes in good faith, upon reasonable inquiry, that the information qualifies as such. Each party or third party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the designating party to sanctions.  If

4

it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

7.     Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

8.     Any document or electronically stored information (excluding transcripts of depositions or other pretrial or trial proceedings) containing or including any CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE information may be designated as such by the producing party by marking it, or a coversheet corresponding thereto if a document or electronically stored information is produced in native electronic format, CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE prior to or at the time production is made to the receiving party.

9.     A party or third-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the producing party must affix the appropriate legend (CONFIDENTIAL, HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE) to each page that contains material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE.

10.     In the case of written discovery responses and information contained therein, designation shall be made by marking the cover page of the response and all subsequent pages containing the confidential information as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE.

11.     Parties shall use reasonable efforts to give the other parties reasonable notice (a minimum of three (3) business days) if they reasonably expect a hearing, trial, or other proceeding to include material designated CONFIDENTIAL OR HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A) are present at those proceedings. Failure to comply with the requirements of this Paragraph shall not be a basis to bar use of Protected Material at any hearing, trial, or other proceeding, but the limits on disclosure of such Protected Material remain in force as stated in Paragraphs 21, 22, and 28 of this Order.

12.     The original and all copies of any deposition transcript shall be treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE for twenty-one (21) days after the receipt of the deposition transcript.  Thereafter, portions of the transcript may be designated by the parties as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE by advising the opposing party and the stenographer and videographer in writing, that the

information is CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE. The parties agree to mark the first page of all copies of deposition transcripts containing either CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE information with the appropriate designation.

13.    Information produced in some form other than documentary and any other tangible items shall be designated by affixing in a prominent place on the exterior of the container or containers in which the information or item is stored the legend CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE.

14.    All CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraphs 8-13, shall be designated by promptly informing the receiving party of the designation in writing. To the extent the receiving party subsequently generates copies of this information, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations. When documents are produced in electronic form, the producing party shall include a confidentiality designation on the medium containing the documents.  If a receiving party uses a hard-copy of a native format document, the receiving party shall mark each such page of the document with the applicable confidentiality designation.

15.    Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a party may not file in the public record in these actions any CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or

HIGHLY CONFIDENTIAL - SOURCE CODE material.  Such material that is filed with the Court shall be filed under seal in compliance with D. Del. LR 5.1.3 and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary in the pleading or exhibit filed publicly with the Court.

16.    A person who has designated information as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE may withdraw the designation by: (a) written notification to all parties in the case; and (b) reproducing the information with a different or no designation.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

17.    The parties shall use reasonable care when designating documents or information CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE.  The acceptance by a party of documents or information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE shall not constitute an agreement, admission, or concession, or permit an inference, that the materials are in fact properly subject to protection under Federal Rule of Civil Procedure 26(c) or on any other basis.  Nothing in this Order shall be construed to prevent any party from objecting to any CONFIDENTIAL, HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE designation as outside the scope of this Order or of Federal Rule of Civil Procedure 26(c).

18.     A party shall not be obliged to challenge the propriety of a designation of CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

19.     If after receiving information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE, a receiving party believes that such information does not meet the requirements for such designation, the receiving party shall notify the producing party in writing and request that the designation be removed.  The receiving party shall identify on a document by document basis (or relevant groups of documents) the reason it believes such information does not meet the requirements for the confidentiality designation and shall supply the rationale for the claim that the documents should be re-designated.  Within fourteen (14) calendar days after receipt of such notice, the parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient).   The receiving party shall seek to reach agreement with the producing party to re-designate the information and give the designating party an opportunity to review the designated

material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

20.     Only if agreement cannot be reached between counsel after the challenging party has engaged in this meet and confer process first or establishes that the designating party is unwilling to participate in the meet and confer process in a timely manner, the receiving party may initiate the "Discovery Matters Procedures and Disputes Relating to Protective Orders" procedure contained in the Court's Joint Scheduling Order (C.A. No. 22-304, D.I. 53 Sec. 3(f); C.A. No. 22-305, D.I. 47 Sec. 3(f)) within twenty-one (21) calendar days of the initial notice of challenge or within fourteen (14) calendar days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, requesting a ruling removing the designation from specified documents or testimony. However, the burden of establishing that any document or information is properly designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE remains on the producing party.  The challenging party's submission to the Court shall be accompanied by a competent declaration affirming they have complied with the meet and confer requirements imposed in the preceding paragraph.   Any documents or information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE, and any filing made under seal to which challenge has been made, shall not be disclosed in any manner inconsistent with this Order until such challenge has been resolved in favor of the receiving party by agreement of the parties or by Court Order. The documents at issue shall be treated in accordance with the designation the producing party has applied until the Court rules on the disputed issue.

**PERSONS QUALIFIED TO RECEIVE CONFIDENTIAL OR**
**<u>HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY INFORMATION</u>**

21.     Information or items designated as HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY, and confidential portions of filings made under seal with such material, may be
inspected by and disclosed only to the following persons and only for the purpose of conducting
this lawsuit unless otherwise ordered by the Court or permitted in writing by the designating party:

a)      the Court and its employees;

b)      any person who authored or received a document containing the
information in the ordinary course of business or other person who otherwise personally possessed
or personally knows the information (or a corporate representative, for example a Fed. R. Civ. P.
30(b)(6) designee of the disclosing party);

c)      outside counsel of record for the parties and their employees, including
supporting personnel assigned to and necessary to assist counsel in the preparation and trial of
these actions, such as paralegals, secretaries, clerks, other non-lawyer personnel, document
copying or scanning services, and data entry or data processing staff;

d)      outside expert witnesses or consultants with whom counsel may deem it
necessary to consult concerning technical, financial, or other aspects of these litigations for the
preparation or trial thereof, and their respective secretarial, clerical, and supporting personnel to
whom disclosure is reasonably necessary for this litigation and subject to the conditions set forth
in Paragraphs 23 and 24;

e)      third-party court reporting services (*e.g.*, stenographers and videographers
and their respective staff) who record or transcribe any proceedings in these actions, translators,
interpreters, and outside vendors such as duplicating, document handling and/or imaging services
as part of discovery or preparation to trial in these actions, who (1) have been retained by a party

11

or its counsel to provide litigation support services with respect to these actions to whom disclosure is reasonably necessary for this litigation and subject to the conditions set forth in Paragraphs 23 and 24;

f)     persons who have been retained by the receiving party or its counsel specifically to consult with regard to jury- or trial-related matters, including the composition of the jury in these matters (collectively referred to as "Trial Consultants"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Trial Consultant in connection with these matters, who (1) have been retained by a party or its counsel to provide litigation support services with respect to these actions, to whom disclosure is reasonably necessary for this litigation and subject to the conditions set forth in Paragraphs 23 and 24;

g)     persons who have been retained by the receiving party or its counsel of record specifically to prepare demonstrative or other exhibits for deposition, trial or other court proceedings in these matters (collectively referred to as "Graphic Designers"), and persons regularly employed by them, to the extent necessary when working under the supervision of such a Graphic Designer in connection with these matters, who (1) have been retained by a party or its counsel to provide litigation support services with respect to these actions, to whom disclosure is reasonably necessary for this litigation and subject to the conditions set forth in Paragraphs 23 and 24; and

h)     any other persons upon such terms and conditions as the parties may agree or as the Court may order.

22.     In addition to the categories of persons allowed to see HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information in Paragraphs 21(a)-(h) above, persons allowed to

see CONFIDENTIAL information shall also include two (2) in-house representatives of each party who have signed an undertaking pursuant to Paragraph 24.

23.     Material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY may be disclosed only to the persons as described in Paragraphs 21 and 22 and under the conditions described in this Order.[1]  Any person who makes any disclosure in confidence under this Order of CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY documents, responses, testimony or filings made under seal, shall advise each person to whom such disclosure is made of this Order. The persons described in Paragraphs 21 and 22 above are enjoined from disclosing CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY documents and information to any other person except in conformance with this Order.  Designated material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Designated material shall only be copied or otherwise reproduced by a receiving party for use consistent with the terms of this Protective Order.  To the extent the receiving party wants to copy or otherwise reproduce material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY to show it to someone who is not permitted access under this Protective Order, the receiving party shall not do so without prior written consent of the producing party or by further order of the Court.

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Attachment A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

24.     Before materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL -
ATTORNEYS' EYES ONLY may be disclosed to persons identified in Paragraph 21(d), the
person to whom the disclosure is to be made shall first complete and sign the undertaking attached
hereto as Attachment A stating that he or she has read and understands this Order and agrees to be
bound by its terms. A copy of the completed and signed undertaking by persons identified in
Paragraph 21(d) shall be sent via email to opposing counsel of record in the respective lawsuit(s).
Before materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS'
EYES ONLY may be disclosed to persons identified in Paragraphs 21(e)-(g), the person to whom
the disclosure is to be made shall first complete and sign the undertaking attached hereto as
Attachment A stating that he or she has read and understands this Order and agrees to be bound
by its terms.

25.     Ten (10) business days' written notice must be given to the designating party before
materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES
ONLY may be disclosed to persons identified in Paragraph 21(d).  The notice shall include
(i) identification of the expert witness or consultant, (ii) a copy of the current curriculum vitae for
that expert witness or consultant, including their employer(s) for at least the last four (4) years and
the city and state of his or her primary residence, (iii) a list of current and past consulting
relationships undertaken within the last four (4) years (including an identification of each entity
consulted, dates of the beginning and end of the consultancy, and any litigation matters in which
the consultant or expert has testified by way of expert report, deposition, or testimony at hearing
or trial), but excluding legal consulting roles, the existence of which are protected from disclosure
under the attorney work-product doctrine, (iv) any patents or patent applications in which the
proposed expert or consultant is identified as an inventor or applicant, is involved in prosecuting

or maintaining, or has any pecuniary interest; and (v) a completed and signed undertaking, attached hereto as Attachment A.  In addition, any employee who will assist the persons identified in Paragraph 21(d) and who will have access to confidential information shall first complete and sign the undertaking attached hereto as Attachment A. A copy of the completed and signed undertaking(s) shall then be sent via email to counsel of record for each party in each lawsuit.

26.     Any objection to the disclosure of confidential information to a party's designated expert or consultant shall be lodged in accordance with the procedures set forth in Paragraph 30 below.

27.     Nothing in this Order shall be construed to prevent disclosure of a party's own confidential information to its own current or former employees, corporate representatives, experts, or consultants.

## COMPUTER CODE

28.     ***At least one party to this Order has agreed to produce its source code in accordance with the terms set forth in Paragraphs 28(i)-(xiii) below, and respectfully requests the Court to enter these terms as binding on all parties:*** For purposes of this Order, the term "computer code" shall include human-readable and machine-readable program codes, source code, including any necessary compilers, bit maps and flow charts, data files as well as executable code, and includes any non-public computer code, computer generated images and simulations, build environments, and associated comments and revision histories incorporated in the code. Additional protections for computer code are warranted, and therefore the manner by which the producing party will produce computer code, and by which the receiving party will handle computer code is subject to the following provisions:

i.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL – SOURCE CODE only to the same categories permitted for information designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY with the following further limitations:

a)      outside counsel of record eligible to access HIGHLY CONFIDENTIAL – SOURCE CODE information or items;

b)      only up to four (4) expert witnesses or consultants of the receiving party (i) to whom disclosure is reasonably necessary for this litigation, (ii) who have signed the "Acknowledgment and Agreement to Be Bound" (Attachment A), and (iii) as to whom the procedures set forth in Paragraph 25, above and specifically identified as eligible to access HIGHLY CONFIDENTIAL – SOURCE CODE information or items, have been followed; and

c)      while testifying at deposition or trial in this action only: any person who authored or received (other than in connection with this litigation), was directly involved in creating, modifying, or editing the HIGHLY CONFIDENTIAL – SOURCE CODE information or items, as evident from its face or reasonably certain in view of other testimony or evidence, or whose relationship to the producing party otherwise allowed them reasonable access to the HIGHLY CONFIDENTIAL – SOURCE CODE information or items. Persons authorized to view HIGHLY CONFIDENTIAL – SOURCE CODE information or items pursuant to this

16

sub-paragraph shall not retain or be given copies of the HIGHLY CONFIDENTIAL – SOURCE CODE information or items except while so testifying.  Only printed copies of the source code will be provided to testifying witnesses during their testimony.

ii.   each producing party will make relevant portions of the computer code, if any, available for inspection by the receiving party in electronically searchable source code files and/or executable code files on a single, secured, stand-alone, password-protected computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).  The stand-alone computer(s) is/are to be maintained in a secure locked room at the producing party's outside counsel's office within the United States, a mutually agreeable location, or, if the parties are unable to agree to a location, in Wilmington, Delaware, during normal business hours, which for the purposes of this paragraph shall be 8:30 am through 5:00 pm, or at other mutually agreeable times.  In no event shall the receiving party alter, modify, delete, copy or remove any computer code or HIGHLY CONFIDENTIAL – SOURCE CODE information.  The producing party shall provide the receiving party with information explaining how to designate materials for copying.  The producing party shall make the computer code available for inspection upon reasonable notice to the producing party, which shall not be less than five (5) business days for the first time the receiving party requests inspection of the computer code, and not less than three (3) business days thereafter. The receiving party shall identify the person(s) who will review the source code in conjunction with any request for an inspection;

iii.   no later than two (2) business days prior to the first scheduled inspection, the producing party of computer code shall provide a directory of the contents of the stand-alone computer, including the names of all files included on the stand-alone computer.  To the extent the contents of the stand-alone computer change after an inspection, no later than two (2) business days prior to the next scheduled inspection, the producing party shall provide a redline comparison of the original directory to the updated version as an attachment to the directory reflecting all changes made to the contents of the stand-alone computer since the last inspection.  The directory and any attachment(s) will be supplied in printed form and designated HIGHLY CONFIDENTIAL – SOURCE CODE. The producing party shall provide the directory and any attachment(s) to the representatives designated under Paragraph 28(v) that are scheduled to inspect the computer code.   The receiving party may retain the directory and any attachment(s) subject to the provisions of this Order governing HIGHLY CONFIDENTIAL – SOURCE CODE, except that the receiving party may not use the directory or any attachment(s) as evidence of the operation of the computer code;

iv.   the producing party shall provide the receiving party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced computer code. The computer shall include software utilities which will allow designated outside counsel and experts or consultants to view, search, and analyze the computer code.  At a minimum these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their

differences, and (d) compute the MD5 checksum of a file.  The receiving party may request commercially available, licensed software tools for viewing and searching source code, and receiving party must provide the licensed software tools at least five (5) business days in advance of the date upon which they wish to have the tools available.  For use with the computer, the producing party shall provide, or at a minimum shall allow the receiving party to supply and utilize, a mouse and a separate display monitor;

v.  only the representatives of the receiving party authorized and approved to receive HIGHLY CONFIDENTIAL – SOURCE CODE information pursuant to Paragraph 28(i) will be permitted access to inspect the producing party's computer code. Individuals who enter the designated facility to view the computer code shall sign a daily log (maintained by the producing party) when they enter and depart. The producing party shall be entitled to have a person observe all entrances and exits from the source code viewing room.  No electronic or recording devices (*e.g.,* cell phones, cameras, USB stick, portable hard drive, tablet, laptop) shall be permitted inside the source code review room. No copies of all or any portion of the computer code may leave the room in which the computer code is inspected except as otherwise provided herein. Absent the express written permission of the producing party, the receiving party shall not be permitted to output any computer code information onto any portable, non-portable, or network media from the stand-alone computer by any means even if such means exist on the stand-alone computer (including, but not limited to, floppy drive, CD-R/RW drive, Ethernet, Internet, e-mail access or USB). No copies of all or any portion of the source code may leave

19

the room in which the source code is inspected except as otherwise provided herein. The receiving party's outside counsel and/or expert shall be entitled to take notes relating to the source code, including electronic notes on a single, secured, stand-alone laptop (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) provided by the producing party at the time of inspection, but may not copy any portion of the source code into the notes and may not remove the laptop from the secure locked room. If the receiving party elects to take electronic notes and print those notes at the inspection, the producing party may require a mutually-selected neutral third party approved by the producing party to inspect those notes to ensure compliance with this Order before providing the printed notes to the receiving party. The receiving party's outside counsel and/or expert may not remove the printed electronic notes from the secure locked room prior to the third-party inspection.  The receiving party shall bear the costs of such inspection by a third party. Nothing herein shall prevent individuals reviewing the computer code from using a laptop computer or tablet having Internet access in a breakout room or some other location proximate to the secure locked room in which the stand-alone computer is maintained;

vi.   the receiving party may request up to 750 pages, with no more than 30 consecutive pages, of paper copies of those portions of electronically produced source code that upon inspection it perceives to be reasonably necessary for the preparation of court filings, pleadings, expert reports, discovery documents, deposition transcripts, or other Court documents, or for deposition or trial, provided that these are appropriately marked under this Order, restricted to those who are entitled to have

access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.  The receiving party shall not request paper copies for the purpose of reviewing the source code in the first instance.   The producing party shall not unreasonably deny any reasonable request by the receiving party to print pages in excess of 750 pages or over 30 consecutive pages. Any printed pages of computer code shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and the receiving party shall maintain a log of all such files that are printed or photocopied. The producing party shall be entitled to obtain a copy of the log upon request.  The producing party shall promptly provide four (4) copies of all such requested print-outs of source code in paper format that includes Bates numbers and the confidentiality designation "HIGHLY CONFIDENTIAL – SOURCE CODE," within five (5) business days of receiving the receiving party's request for source code printouts.  Any materials so designated shall be accorded at least the same protections and treatment as is provided in this Order to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials;

vii.    any printed pages of source code, that have been designated by the producing party as "HIGHLY CONFIDENTIAL – SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below;

viii.    the produced computer code may be used at depositions of persons authorized to review the such materials under Paragraph 28(i), or during any court hearing or trial subject to any objections any party may have other than confidentiality, so long as

the code remains in the secure possession of the receiving party's outside counsel at all times during travel to and from the deposition, trial or hearing, and at the deposition, hearing, or trial.  Prior to such use, the receiving party shall identify to the producing party the specific printed pages that may be used at such deposition, hearing, or trial at least three (3) business days before the deposition, trial or hearing, and the producing party will provide at the deposition, trial or hearing print-outs of source code in paper format that includes Bates numbers and the confidentiality designation "HIGHLY CONFIDENTIAL – SOURCE CODE." The receiving party may also request that a local computer, compliant with Paragraph 22(i), be made available to facilitate reference to computer code at the deposition, trial or hearing by notifying the producing party of its intent to use a local computer at least three (3) business days before the deposition, trial or hearing.  The monitoring and communication requirements described in Paragraphs 28(i) and 28(iv) are inapplicable to any review of computer code taking place during a deposition or hearing.  No printed pages of computer code will be appended to the transcript of the deposition or hearing as an imaged exhibit or otherwise.  If paper copies of the code are marked as deposition exhibits, outside counsel marking the exhibits shall keep and be the custodian of the originals.  To the extent paper copies of the code are used at a deposition or hearing, counsel who marked the exhibits, or otherwise offered them, shall collect those copies at the conclusion of the proceeding;

ix.   all computer code is to be printed on non-networked printers.  Outside vendors shall not be used to print or copy the computer code;

x.      counsel for the party in possession of the produced computer code, including any computer code printouts, shall immediately notify via email counsel for the producing party if the produced computer code was lost or stolen or if the security of the computer code was otherwise compromised, and shall provide details of the event and make all reasonable effort to retrieve the code;

xi.     to the extent the receiving party believes, in good faith, it is necessary for limited excerpts of computer code to be attached as exhibits or quoted in expert reports or court filings, either (1) the entire document containing the computer code will be stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE or (2) those pages containing quoted computer code will be separately stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.  The receiving party may file and serve such documents electronically and maintain reasonable electronic copies thereof encrypted using commercially reasonable encryption software including password protection, but shall delete all other electronic copies containing excerpts of the producing party's computer code from all receiving party's electronic storage devices;

xii.    if the receiving party's outside counsel, consultants, or experts obtain printouts or photocopies of computer code, the receiving party shall ensure that such outside counsel, consultants, or experts, who have been pre-approved in accordance with Paragraphs 28(i), keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts.  The receiving party may also temporarily keep the printouts or photocopies at: (1) the Court for any proceeding(s) relating to the computer code, for the dates associated with the

23

proceedings(s); (2) the sites where any deposition(s) relating to the computer code are taken, for the dates associated with the deposition(s); and (3) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

xiii.    a producing party's computer code may only be transported by the receiving party at the direction of outside counsel responsible for maintaining the security and confidentiality of the designated material to or from another person authorized under Paragraph 28(i) above, on paper via hand carry, Federal Express or other similarly reliable and tracked courier service.   Computer code may not be transported or transmitted electronically over a network of any kind; and

### OBJECTIONS TO DISCLOSURE OF CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, OR HIGHLY-CONFIDENTIAL – SOURCE CODE INFORMATION

29.    If an objection to disclosure of CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE information is made, the parties shall attempt to resolve informally the objection before the party proposing disclosure seeks relief from the Court.  Any such objection must set forth in detail the grounds on which it is based.

30.    If the party proposing disclosure of CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE information to persons set forth in Paragraph 21(d) receives an objection to such disclosure during the ten-business-day notice period under Paragraph 25, there shall be no disclosure to the proposed expert or consultant until the objection is resolved.  A party that receives a timely written objection must meet and confer with the designating party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven (7) calendar days of the written objection.

If the parties cannot informally resolve an objection to the disclosure of confidential information, the party seeking to make the disclosure may initiate the "Discovery Matters and Disputes Relating to Protective Orders" procedures contained in the Court's Joint Scheduling Order (C.A. No. 22-304, D.I. 53 Sec. 3(f); C.A. No. 22-305, D.I. 47 Sec. 3(f)) entered herein seeking permission from the Court to make the disclosure.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the designating party for its refusal to approve the disclosure.

31.     In any such proceeding, the party opposing disclosure to the expert or consultant shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the Protected Material to its expert or consultant.

32.     No CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE information shall be disclosed to such person until the matter has been ruled upon by the Court or otherwise resolved.

33.     A party who has not previously objected to disclosure of material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE to an expert or consultant or whose objection has been resolved with respect to previously produced material shall not be precluded from raising an objection to an expert or consultant at a later time with respect to material that is produced after the time for objecting to such expert or consultant has expired or if new information about that expert or consultant is disclosed or discovered. Any such objection shall be handled in accordance with the provisions set forth above.

## INADVERTENT DISCLOSURE

34.     The inadvertent failure to designate confidential information as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE prior to or at the time of disclosure shall not operate as a waiver of the producing party's right subsequently to designate said information as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE. In the event that such protected information is designated after disclosure, the producing party shall notify the receiving party in writing of the missing, or improper, designation promptly upon learning of the error. The producing party shall further provide properly marked replacement documents or other tangible items to the receiving party within fourteen (14) calendar days after such notice.  Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

35.     All parties have an obligation to inform all other parties immediately upon their discovery that a producing party has inadvertently disclosed information protected by the attorney-client privilege, the work-product immunity, or any other privilege or immunity from discovery. Upon discovery by any party of such inadvertent disclosure, the producing party shall promptly notify or confirm to the receiving party, in writing, of the inadvertent production, and request that the item(s) be returned or destroyed. If that request is made, thereafter no party to this lawsuit shall assert that the inadvertent disclosure waived any privilege or immunity, nor the inadvertent production itself as support for waiver. A party may nonetheless seek the production of the inadvertently produced information on grounds other than as a result of the producing party's inadvertent production in this case.  The receiving party shall return or destroy any inadvertently produced item(s), and all copies and derivations thereof, within five (5) business days of the

26

earliest of: (a) discovery by the receiving party of the inadvertent nature of the production, or (b) receiving party receiving a written request for the return or destruction of the information. The receiving party shall not show the inadvertently produced item(s), or any copy or derivation thereof, after the earliest of: (a) discovery by the receiving party of the inadvertent nature of the production, or (b) receiving party receiving a written request for the return or destruction of the information. The receiving party shall confirm in writing that the inadvertently produced documents or other tangible items were destroyed, or return them to the producing party. Such inadvertently produced documents, copies, or derivations thereof shall not be used for any purpose. In the event the producing party's claim of attorney-client privilege, the work-product immunity, or any other privilege or immunity from discovery is resolved against the producing party, the producing party shall reproduce the documents and/or items accordingly. The party requesting the return of such inadvertently produced documents must produce or supplement its privilege log within fourteen (14) business days of the request for return.

36.    Inadvertent production of documents or information ("documents" in this paragraph) subject to attorney-client privilege, work-product immunity, or any other applicable privilege or immunity shall not constitute a waiver of, nor a prejudice to, any claim that such material is privileged or immune, provided that the designating party notifies the receiving party promptly after discovery of such inadvertent production. Such inadvertently produced documents and all copies thereof shall promptly be returned to the designating party or destroyed upon request, in accordance with the procedure set forth in Paragraph 35. No demonstration or proof of error, inadvertence, excusable neglect, or absence of negligence shall be required of the designating party in order for such party to avail itself of the provisions of this paragraph or the preceding paragraph; however, nothing in this Order permits the parties to engage in wholesale

productions of electronic documents which disclosing counsel has intentionally failed to review for privilege and potential relevance prior to disclosure, and no party shall use the provisions of this Order to effect cost-shifting of its document productions to any other party.

37.     Nothing in this section shall limit the right of any party to move the Court for an *in camera* review of allegedly privileged information.

## PROSECUTION BAR

38.     Any attorney representing the Plaintiff, whether in-house or outside counsel, and any person associated with the Plaintiff, who is permitted to receive another party's HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE information, and who obtains, receives, has access to, or otherwise learns, in whole or in part, another party's HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE information under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention or the fields of video playlist systems or methods or video streaming systems or methods, or have any involvement, directly or indirectly, in the drafting or amendment of any claims in any Patent Office proceeding pertaining to the field of the invention or the fields of video playlist systems or methods or video streaming systems or methods, whether on behalf of the receiving party or its acquirer, successor, predecessor, or other affiliate, during the pendency of these actions and for two (2) years after their conclusions, including any appeals. To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" where applicable between those persons with access to HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL - SOURCE CODE information and any individuals who, on behalf of the Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare,

prosecute, supervise or assist in the preparation or prosecution of any patent application of the type described above.

## THIRD PARTIES AND ADDITIONAL PARTIES

39.      It is expressly contemplated, agreed and ordered that third parties, including witnesses, who provide discovery in these actions may invoke all provisions of this Order as to that discovery, and that the parties to this Order will treat all material designated by such third parties as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE in accordance with the terms of this Order.  A third party's use of this Order to protect its confidential information does not entitle that third party access to confidential information produced by any party in this case.  Nothing in these provisions should be construed as prohibiting a third party from seeking additional protections.

40.      In the event that one or more parties are added or substituted into these actions by any means including consolidation with another action, this Order shall be binding on and shall inure to the benefit of such new parties, subject to the right of such new parties (other than a subsidiary of a party who is already bound by this Order) to seek relief from or modification of this Order. Said parties who join or are added or substituted into these actions shall not have access to confidential information until the newly joined party or its counsel has executed, and filed with the Court, its agreement to be bound by this Order.

41.      In the event that a party is required, by a valid discovery request, to produce a third party's confidential information in its possession, and the party is subject to an agreement with the third party not to produce the third party's confidential information, then the party shall:

     i.      promptly notify in writing the requesting party and the third party that some or all of the information requested is subject to a confidentiality agreement with a third

party;

ii.      promptly provide the third party with a copy of the protective order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

iii.     make the information requested available for inspection by the third party.

42.      If the third party fails to object or seek a protective order from this Court within fourteen (14) calendar days of receiving the notice and accompanying information, the receiving party may produce the third party's confidential information responsive to the discovery request. If the third party timely objects or seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the third party before a determination by the Court.[2] Absent a Court order to the contrary, the third party shall bear the burden and expense of seeking protection in this court of its material.

## OTHER PROCEEDINGS

43.      By entering this Order and limiting the disclosure of information in these lawsuits, this Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE pursuant to this Order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

44.     For the avoidance of doubt, any person or party served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE pursuant to this Order shall notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.  Such party shall further:

     i.    promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

    ii.    cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose material may be affected.[3]

45.     If the Designating Party timely[4] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE pursuant to this Order before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

[4] The Designating Party shall have at least fourteen (14) calendar days from the service of the notification pursuant to Section 10(a) to seek a protective order.

confidential material – and nothing in these provisions should be construed as authorizing or encouraging a receiving party in these actions to disobey a lawful directive from another court.

## **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

46.     If a receiving party learns that, by inadvertence or otherwise, it has disclosed material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Attachment A.

47.     If a receiving party or person authorized to access material designated material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE ("Authorized Recipient") discovers any loss of such material or a breach of security, including any actual or suspected unauthorized access, relating to another party's designated material, the receiving party or Authorized Recipient shall: (1) promptly stop the unauthorized breach;  (2) promptly (within 72 hours)  provide written notice to designating party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach.  In any event, the receiving party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

## **DURATION**

32

48. Even after final disposition of these litigations, the confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims, defenses, and counterclaims in these actions, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of these actions, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## MISCELLANEOUS PROVISIONS

49. This Order has no effect upon, and its scope shall not extend to, any party's use of its own confidential information.

50. Nothing herein shall be construed to affect or limit in any way the admissibility of any document, testimony or other evidence at trial. By stipulating to the entry of this Protective Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order. The identification or agreed upon treatment of certain types of disclosures and discovery material does not reflect agreement by the parties that the disclosure of such categories of disclosure and discovery material is required or appropriate in these actions. The Parties reserve the right to argue that any particular category of disclosure and discovery material should not be produced.

51. Disclosure of material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE shall be subject to all applicable laws and regulations relating to the export of technical data contained in

such material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE shall comply with all applicable export control statutes and regulations. *See, e.g.*, 15 C.F.R. § 734. No such information that is prohibited from being exported may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for permanent residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. § 1324b(a)(3)). Without limitation, this prohibition extends to designated information (including copies) in physical and electronic form. The viewing of designated information through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Information, exclusive of material designated RESTRICTED CONFIDENTIAL - SOURCE CODE, and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing party to the extent that such agreed to procedures conform with applicable export control laws and regulations. With respect to any data provided to the party representatives, the party, its representatives, and its counsel will ensure that all of party representatives' actions with respect to any data produced in this litigation will comply with all applicable export control statutes and regulations. *See, e.g.*, 15 C.F.R. § 734.

52.     Within sixty (60) calendar days after the final disposition of either case, as defined in Paragraph 48, all CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE materials, including any computer

code, produced by any party and any copies, abstracts, compilations, summaries, and any other format reproducing or capturing any such materials shall be returned by counsel of record for the receiving party, or be destroyed at the receiving party's option. Whether the receiving party destroys or returns the documents, it shall provide written certification of the destruction to the producing party by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Receiving outside counsel may retain copies of any document that has been filed with the Court under seal and any deposition transcript and exhibits designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE, written discovery requests and responses (and exhibits thereto), trial transcripts, and exhibits offered into evidence at any hearing or trial, and may retain attorneys' work product for archival purposes only.  Any such archival copies that contain or constitute CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE information remain subject to this Protective Order as set out in Paragraphs 48 and 53.  However, except for computer code filed with the Court under seal or contained in any deposition exhibit, counsel may not retain any computer code produced by any adverse party, and must provide written certification that all computer code has been permanently deleted or destroyed. In the event that one party settles, or the case is dismissed or stayed with respect to one party ("settling party"), and the settling party's documents designated  as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE, have been designated for cross-use in the non-settled case by agreement of the settling party or by order of the Court, such

documents may be retained through the final disposition of the non-settling case and shall continue to be treated as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE in the remaining case.

53.     The United States District Court for the District of Delaware is responsible for the interpretation and enforcement of this Order.  All obligations and duties arising under this Order shall survive the final disposition of these actions except with respect to material that becomes a matter of public record. This Court shall retain jurisdiction indefinitely with respect to any dispute regarding the improper use of designated confidential information, to modify the terms of this Order, or to enter further orders respecting confidentiality, as may be necessary.  All disputes concerning material produced under the protection of this Order shall be resolved by the United States District Court for the District of Delaware.

54.     No part of the restrictions imposed by this Order may be waived or terminated, except by the written stipulation executed by counsel of record for each party, or by an order of the Court for good cause shown. The restrictions provided herein shall not terminate upon the conclusion of this lawsuit, but shall continue until further order of this Court.

55.     This Order shall not bar outside counsel of record, in the course of rendering advice regarding these actions to his or her client (*i.e.*, in-house counsel, or business persons with overall responsibility for the conduct of the litigation) from conveying in a general way counsel's evaluation of information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL - SOURCE CODE produced pursuant to this Stipulated Protective Order; provided, however, that in rendering such advice or otherwise communicating with his or her client, counsel shall not disclose the substance or content of any CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or

HIGHLY CONFIDENTIAL - SOURCE CODE information produced by another party or nonparty other than as permitted under this Order.

56.     This Order shall become effective as a stipulation between the parties immediately upon its execution, notwithstanding the pendency of approval by the Court, and this Order shall apply to all information and material produced in this lawsuit, including all previously produced information and material prior to the execution of this Order by the Court. Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this Order by the Court.

57.     Any person in possession of material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE shall take reasonable measures to safeguard the confidentiality of the material. Such measures may include, for example and as appropriate, use of a secure transfer method for transfers or communication of designated material, password protection, or encryption of designated material.

58.     The entry of this Order does not prevent any party from seeking a further order of this Court pursuant to Federal Rule of Civil Procedure 26(c). Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:**

Dated: August 21, 2023August 21,
2023

*/s/ Ronald P. Golden III*

**Bayard, P.A.**
Stephen B. Brauerman
Ronald P. Golden III
600 N. King Street
Suite 400
Wilmington, DE 19801
(302) 655-5000
Fax: (302) 658-6395
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

**McKool Smith, P.C.**
Steven Rizzi (*pro hac vice*)
Ramy E. Hanna (DE Bar Id #:
5494)
395 9th Avenue, 50th Floor
New York, NY 10001-8603
(212) 402-9400
srizzi@McKoolSmith.com
rhanna@McKoolSmith.com

Casey L. Shomaker (*pro hac vice*)
300 Crescent Court, Suite 1500
Dallas, Texas 75201
(214) 978-4000
cshomaker@mckoolsmith.com

**Cantor Colburn LLP**
Marc N. Henschke (*pro hac vice*)
Steven M. Coyle (*pro hac vice*)
Andrew C. Ryan (*pro hac vice*)
Nicholas A. Geiger (*pro hac vice*)
Sara T. Colburn (*pro hac vice*)
20 Church Street, 22nd Floor
Hartford, CT 06103
Tel. (860) 286-2929
Fax. (860) 286-0115
mhenschke@cantorcolburn.com
scoyle@cantorcolburn.com
aryan@cantorcolburn.com

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)
Griffin A. Schoenbaum (#6915)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
cottrell@rlf.com
schoenbaum@rlf.com

Jordan R. Jaffe
Amy H. Candido
Catherine Lacey
WILSON SONSINI GOODRICH & ROSATI, P.C.
One Market Plaza, Suite 330
San Francisco, CA 94105-1126

**ATTORNEYS FOR DEFENDANTS
YOUTUBE, LLC AND GOOGLE LLC**

*s/ Kelly E. Farnan*

RICHARDS, LAYTON & FINGER P.A.
Kelly E. Farnan (#4395)
Tyler E. Cragg (#6398)
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
farnan@rlf.com

LATHAM & WATKINS LLP
Tara D. Elliott
Rachel Weiner Cohen
Ashley M. Fry
Diane E. Ghrist
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004-1304
(202) 637-2200

ngeiger@cantorcolburn.com
scolburn@cantorcolburn.com

**ATTORNEYS FOR PLAINTIFF
ROBOCAST, INC.**

LATHAM & WATKINS LLP
Kimberly Q. Li
200 Clarendon Street
Boston, MA 02116
(617) 948-6000

**ATTORNEYS FOR DEFENDANT AND
COUNTERCLAIM PLAINTIFF NETFLIX,
INC.**

IT IS SO ORDERED this 22 day of _____August_____ 2023

/s/ Richard G. Andrews
_____
THE HONORABLE RICHARD G. ANDREWS
UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

**IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ROBOCAST, INC.,** | **Civil Action No. 1:22-cv-00304-RGA-JLH** |
| **Plaintiff,** | |
| | **JURY TRIAL DEMANDED** |
| **v.** | |
| **YOUTUBE, LLC and GOOGLE, LLC** | |
| **Defendants.** | |

| | |
|---|---|
| **ROBOCAST, INC.,** | **Civil Action No. 1:22-cv-00305-RGA-JLH** |
| **Plaintiff and Counterclaim Defendant,** | |
| | **JURY TRIAL DEMANDED** |
| **v.** | |
| **NETFLIX, INC.,** | |
| **Defendant and Counterclaim Plaintiff.** | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY
STIPULATED PROTECTIVE ORDER**

I, _____, state the following:

1.     I reside at _____.

2.     My present employer is _____.

3.     My present occupation or job description is _____.

4.     I have read the Stipulated Protective Order in this lawsuit and understand its

provisions. I hereby promise and agree to be bound by its terms, and promise and agree to

41

maintain, pursuant thereto, the confidentiality of all information furnished to me which has been designated as such under that Order. I understand that these promises are conditions precedent to my receipt of any such information.

5.      I understand that I am to retain all copies of any documents or other materials designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, OR HIGHLY CONFIDENTIAL – SOURCE CODE in a secure manner, and that all copies are to remain in my custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any confidential information are to be destroyed or returned to counsel who provided me with such material.

6.      I will not divulge to persons other than those specifically authorized by the Stipulated Protective Order, and will not copy or use except solely for the purpose of this lawsuit, any information obtained pursuant to that Order, except as provided therein. I also agree to notify any secretarial, clerical or supporting personnel who are required to assist me of the terms of said Order and to take steps to ensure their compliance with the terms of the Protective Order.

7.      I agree to submit myself to the jurisdiction of the United States District Court for the District of Delaware, or other jurisdiction where this case may be pending, for the purpose of enforcing the terms of this undertaking even if such enforcement proceedings occur after final disposition of these actions.

8.      I understand that if I violate the provisions of the Stipulated Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.


Executed this _____ day of _____, 202_, at _____.

_____